Beverly Spilovoy WILLIAMS,
Petitioner and Appellee,

v.

Richard SPILOVOY, Respondent
and Appellant.

Civ. No. 940288.

Supreme Court of North Dakota.

Aug. 29, 1995.

Irvin B. Nodland, of Irvin B. Nodland, P.C., Bismarck, for petitioner and appellee.

Naomi H. Paasch, of Strehlow, Bryan & Paasch, Casselton, for respondent and appellant.

David D. Hagler, Asst. Atty. Gen., Bismarck, submitted on brief for amicus curiae.

VANDE WALLE, Chief Justice.

Richard Spilovoy appeals from a restraining order preventing him from contacting his ex-wife, Beverly Williams. We reverse.

Richard and Beverly have engaged in protracted divorce litigation, including two prior appeals to this court. *See Spilovoy v. Spilovoy*, 511 N.W.2d 230 (N.D.1994); *Spilovoy v. Spilovoy*, 488 N.W.2d 873 (N.D.1992). On April 27, 1994, Beverly filed a petition seeking a restraining order against Richard. A hearing was held and, on May 19, 1994, the trial court issued a disorderly-conduct restraining order prohibiting oral or written communication between the parties, prohibiting them from coming within twenty-five feet of each other, and prohibiting them from being on each other's property except when exchanging the children for visitation.

The restraining order was issued under Section 12.1–31.2–01, N.D.C.C., which authorizes the court to issue a "no contact" order if it finds reasonable grounds to believe a party has engaged in disorderly conduct. Section 12.1–31.2–01(1) defines disorderly conduct:

> " 'Disorderly conduct' means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. Disorderly conduct does not include constitutionally protected activity."

We construed these statutory provisions, enacted in 1993, in *Svedberg v. Stamness*, 525 N.W.2d 678 (N.D.1994). We determined that the requirement that the court find "reasonable grounds" to believe disorderly conduct has been committed was synonymous with "probable cause." *Svedberg, supra,* 525 N.W.2d at 681–682. We thus concluded that "[r]easonable grounds exist for purposes of this section when facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting the offense of disorderly conduct have been committed." *Svedberg, supra,* 525 N.W.2d at 682.

In support of its determination that there were reasonable grounds to believe that Richard had engaged in disorderly conduct, the trial court found the following facts:

> "1. that the respondent has made calls to the petitioner which were harassing in nature.
>
> "2. that the petitioner is fearful of close contact with the respondent.
>
> "3. that the respondent has utilized the children and episodes of visitation for harassment of the petitioner."

Our review of the hearing transcript fails to reveal any evidence of specific instances of conduct by Richard which supports these findings. Rather, Beverly's testimony is replete with vague, general allegations of harassment. In order to support a disorderly-conduct restraining order under Section 12.1–31.2–01, N.D.C.C., the petitioner must present evidence of specific acts or threats constituting disorderly conduct. *See Svedberg, supra,* 525 N.W.2d at 682.

Beverly points to evidence of an April 26, 1994, telephone call from Richard as the event which precipitated her decision to seek a restraining order. Without specific details,

she characterizes the telephone call as harassing and verbally abusive. Richard recorded the telephone call, and the tape was admitted into evidence at the hearing. Richard had telephoned to advise Beverly that she would not be receiving an expected child support payment through income withholding because a review had shown he was actually ahead in his support payments. A transcript of the taped telephone call reveals no language or actions by Richard which rise to the level of disorderly conduct under the statute. Richard made no harassing or abusive remarks to Beverly during the short telephone conversation. However, the transcript of the call shows that Beverly used profanity and threatened to "personally visit [Richard's] employer" to secure income withholding.

This is the only evidence, other than Beverly's vague, conclusory allegations, to support the court's finding that Richard made harassing telephone calls. There was no evidence that Richard made a large number of calls to Beverly or otherwise interfered with her "safety, security, or privacy." We conclude the evidence does not support the trial court's finding of harassing telephone calls.

The court also found that Richard had "utilized the children and episodes of visitation for harassment" of Beverly. Beverly has not called our attention to evidence in the record to support this finding, nor do we upon review of the record find any evidence of specific instances where Richard used the children or visitation to harass Beverly.

The court also found that Beverly "is fearful of close contact with" Richard. Absent evidence either of specific instances of actions or threats by Richard constituting disorderly conduct or the basis for her fright, Beverly's subjective fear is not sufficient to support an order under Section 12.1–31.2–01, N.D.C.C. The trial court noted at the conclusion of the hearing that Beverly is "supersensitive and inadequate to function in this life and have a relationship with other people that might involve some controversies...."

We conclude that Beverly failed to present evidence sufficient to warrant a person of reasonable caution to believe that Richard engaged in acts or threats constituting disorderly conduct. Vague generalities do not suffice. Conclusory testimony that "he ha-

rassed me," "he abused me," or "he threatened me" does little to aid the trial court in determining whether the alleged perpetrator's actions rise to the level of disorderly conduct under the statute.

■ It is not enough under the statute that the petitioner for a restraining order wants the other person out of the petitioner's life. Conversely, because of previous physical or emotional abuse, in some instances the person restrained is well aware that his or her mere presence is sufficient to cause such emotional stress as to adversely affect the safety, security, or privacy of the other person. *Cf. State v. Monson,* 518 N.W.2d 171 (N.D.1994) [probationer's presence intended to intimidate victim]. A restraining order might well be justified in that instance. The trial court made no findings of prior abuse nor would the record support such a finding.

We therefore caution that our opinion should not be read as placing unreasonable barriers upon parties seeking restraining orders under the statute. We recognize that Section 12.1–31.2–01, N.D.C.C., is the legislature's response to a serious and growing problem in this state. The difficulty in this case is with the insufficiency of the evidence presented to support the order. Because of the grave consequences of such an order, the statute requires as a prerequisite a showing of specific acts or threats constituting disorderly conduct. To warrant the restrictions placed upon a party by a "no contact" order, the party seeking the order must present more than uncertain, conclusory statements. Although a party may not welcome an ex-spouse's mere presence or telephone calls, a certain amount of contact must be expected when, as here, there is split custody of the children and visitation exchanges. Unless there is evidence that the contacts rise to the level of disorderly conduct under the statute, a "no contact" order is not authorized.

The disorderly-conduct restraining order is reversed.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.