1997 ND 35

**Martin WISHNATSKY, Petitioner and Appellant,**

v.

**David W. HUEY, Respondent and Appellee.**

**Civil No. 960222.**

Supreme Court of North Dakota.

Feb. 27, 1997.

Martin Wishnatsky, Fargo, pro se.

Andrew Moraghan, Assistant Attorney General, Bismarck, for respondent and appellee. Appearance by David W. Huey, Assistant Attorney General.

VANDE WALLE, Chief Justice.

[¶ 1] Martin Wishnatsky appealed from a judgment summarily dismissing his petition for a disorderly conduct restraining order against David W. Huey. We hold, as a matter of law, Wishnatsky did not raise reasonable grounds for a restraining order against Huey under Chapter 12.1–31.2, N.D.C.C., and we affirm the summary judgment dismissing his petition.

[¶ 2] Wishnatsky's petition for a restraining order against Huey was based upon two separate incidents. The first occurred on the morning of January 10, 1996 while Huey, an assistant attorney general, was conferring with attorney Peter B. Crary, in Crary's office. Wishnatsky, who performs paralegal work for Crary, asserts he was entering Crary's office "to give him certain papers that had been requested." As Wishnatsky entered the office, Huey "threw his body weight against the door and forced [Wishnatsky] out into the hall" saying, "You get out of here." Although Wishnatsky was "upset and alarmed" by Huey's actions, he regained his composure and reentered the office stating to Huey that "as a public servant he had an obligation to treat the public with respect and courtesy." Huey then "stormed out into the hall" with Wishnatsky following "to calm him down."

[¶ 3] The second incident occurred two weeks later on the afternoon of January 25, 1996 in the vestibule of the Perry Center Maternity Home in Fargo. Huey entered the Center and, in Wishnatsky's words, "began to upbraid" Darold Larson "in a very threatening and terrorizing manner." Huey allegedly shook his finger at Larson telling him "I will not be trifled with." Wishnatsky, who observed this activity "at close range," claims he experienced severe physical and emotional effects from it.

[¶ 4] Following these incidents, Wishnatsky filed a petition under Section 12.1–31.2–01, N.D.C.C., requesting a disorderly conduct restraining order against Huey and, in the interim, a temporary restraining order. The court issued an order on January 31, 1996 denying the request for a temporary restraining order. Wishnatsky then filed an amended petition for a restraining order, combining it with a complaint for damages against Huey for assault and intentional infliction of emotional distress. Huey filed a

motion to dismiss the petition. Wishnatsky submitted a brief in opposition to the motion with written declarations by Wishnatsky, Crary, and Larson explaining the incidents of alleged disorderly conduct by Huey.

[¶ 5] The court considered the petition and written submissions and dismissed, without prejudice, the tort action for damages on the ground that it was improperly joined with the petition for a restraining order. The court also dismissed, without hearing, the petition for the restraining order, stating "the [p]etition and supporting papers fail to state a claim for which relief can be granted." Judgment was entered on April 12, 1996.

[¶ 6] Wishnatsky raises three issues on appeal:

(1) Whether the court erred in denying a temporary disorderly conduct restraining order;

(2) Whether it is improper to join tort claims in the same action with the petition for a disorderly conduct restraining order; and

(3) Whether the court erred in dismissing the petition for a disorderly conduct restraining order for failure to state a claim?

[¶ 7] The language of Chapter 12.1–31.2, N.D.C.C., relevant to this appeal provides:

"*12.1–31.2–01. Disorderly conduct restraining order—Penalty.*

"1. 'Disorderly conduct' means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. Disorderly conduct does not include constitutionally protected activity.

"2. A person who is a victim of disorderly conduct or the parent or guardian of a minor who is a victim of disorderly conduct may seek a disorderly conduct restraining order from any court of competent jurisdiction in the manner provided in this section.

"3. A petition for relief must allege facts sufficient to show the name of the al-
leged victim, the name of the individual engaging in the disorderly conduct, and that the individual engaged in disorderly conduct. An affidavit made under oath stating the specific facts and circumstances supporting the relief sought must accompany the petition.

"4. If the petition for relief alleges reasonable grounds to believe that an individual has engaged in disorderly conduct, the court, pending a full hearing, may grant a temporary disorderly conduct restraining order ordering the individual to cease or avoid the disorderly conduct or to have no contact with the person requesting the order. A temporary restraining order may be entered only against the individual named in the petition. The court may issue the temporary restraining order without giving notice to the respondent. The temporary restraining order is in effect for not more than thirty days, unless otherwise terminated by the court.

"5. The court may grant a disorderly conduct restraining order ordering the respondent to cease or avoid the disorderly conduct or to have no contact with the applicant if:

   *    *    *    *    *    *

"d. The court finds after the hearing that there are reasonable grounds to believe that the respondent has engaged in disorderly conduct. If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity."

We most recently summarized the operation of this statute in *Cave v. Wetzel*, 545 N.W.2d 149, 150 (N.D.1996):

"Under section 12.1–31.2–01, NDCC, the district court is authorized to grant a 'no contact' order if the court finds 'reasonable grounds to believe that the respondent has

engaged in disorderly conduct.' *See Williams v. Spilovoy,* 536 N.W.2d 383 (N.D.1995). 'Disorderly conduct' is defined as 'intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. Disorderly conduct does not include constitutionally protected activity.' N.D.Cent.Code § 12.1–31.2–01(1). Since chapter 12.1–31.2, NDCC, does not define 'reasonable grounds,' we have construed the 'reasonable grounds' requirement to be synonymous with 'probable cause.' *Williams, supra* [citing *Svedberg v. Stamness,* 525 N.W.2d 678 (N.D.1994)]. We have explained that '[r]reasonable grounds exist for purposes of this section when facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting the offense of disorderly conduct have been committed.' *Svedberg,* 525 N.W.2d at 682; *see also Williams, supra."*

[¶ 8] Wishnatsky first asserts the trial court erred in refusing to grant him a temporary restraining order against Huey pending a hearing on the merits of his request for a permanent restraining order. Subsection 12.1–31.2–01(4), N.D.C.C., provides the court "may grant" a temporary disorderly conduct restraining order if the petition for relief alleges reasonable grounds to believe that an individual has engaged in disorderly conduct. The decision whether to grant a temporary restraining order generally lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *State v. First American Bank & Trust Co.,* 186 N.W.2d 573, 574 (N.D.1971); *see also Selland v. Fargo Pub. Sch. Dist. No. 1,* 285 N.W.2d 567, 570 (N.D. 1979).

[¶ 9] Unlike the circumstances in *Wetzel,* 545 N.W.2d at 150, wherein the trial court issued an ex parte temporary restraining order pending a hearing on claims the defendant was harassing the petitioner, Wishnatsky did not demonstrate in his petition a "pattern of intimidation" by Huey or that

Huey was stalking or seeking out Wishnatsky to harass him. Rather, the petition cites two incidents in which these parties were, by happenstance, in the same location when Huey conducted himself in a manner objectionable to Wishnatsky. We conclude, under these circumstances, the trial court did not abuse its discretion in refusing to issue a temporary restraining order.

[¶ 10] Wishnatsky asserts the trial court also erred in refusing his request to amend the petition to join his damage claims against Huey with the request for a restraining order. Wishnatsky concedes this issue "may be moot" because he has now filed a separate tort action for damages against Huey. Wishnatsky asserts, however, he was damaged by having to pay another $50 filing fee to bring the separate tort action for claims the court should have joined with the proceedings for the restraining order.

[¶ 11] A motion to amend a complaint lies within the sound discretion of the trial court, and we will not disturb the court's decision denying the motion absent an abuse of discretion. *Isaac v. State Farm Mut. Auto. Ins. Co.,* 547 N.W.2d 548 (N.D.1996). Proceedings under Chapter 12.1–31.2, N.D.C.C., for a disorderly conduct restraining order are not plenary actions requiring a full trial, but rather are special summary proceedings for injunctive relief, similar to proceedings for a domestic violence protection order, under Section 14–07.1–02, N.D.C.C. *See Sandbeck v. Rockwell,* 524 N.W.2d 846 (N.D.1994). If, in addition to requesting a protective order under either of these statutes, the petitioning party claims a right to damages arising from the defendant's objectionable conduct, he can institute a separate action and is not prejudiced by the court's refusal to join the damage claim with the special injunctive proceedings. *See Olson v. Brodell,* 128 N.W.2d 169, 178–179 (N.D.1964) (in action alleging forcible entry and detainer appellant was not prejudiced by court's refusal to amend the complaint to include a claim for damages because appellant could institute separate action for dam-

ages). The filing of the separate action by Wishnatsky evidences this posture of the law. We conclude the trial court did not abuse its discretion in refusing to join Wishnatsky's tort action for damages with the petition for a restraining order.

[¶ 12] Wishnatsky asserts the court erred in dismissing his petition for a restraining order without affording him a full hearing on the merits. Huey moved for dismissal under Rule 12(b), N.D.R.Civ.P., asserting the petition for a restraining order did not state a claim for which relief could be granted. In resolving the motion, the trial court considered several written declarations submitted by Wishnatsky. When the court considers matters outside the pleadings in resolving a motion to dismiss under Rule 12(b), N.D.R.Civ.P., we treat the motion and the court's resolution of it as a summary judgment under Rule 56, N.D.R.Civ.P. *Livingood v. Meece*, 477 N.W.2d 183, 187 (N.D. 1991).

[¶ 13] Summary judgment under Rule 56, N.D.R.Civ.P., is a procedural device for the expeditious disposition of controversies without a trial when, after viewing the evidence in the light most favorable to the opposing party and giving that party the benefit of all favorable inferences, there is no genuine issue of material fact or inferences to be drawn from undisputed facts, or only questions of law remain. *Wishnatsky v. Bergquist*, 550 N.W.2d 394, 397 (N.D.), *cert. denied*, —— U.S. ——, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996). The court, when considering summary judgment, may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from the evidence. *Richmond v. Nodland*, 552 N.W.2d 586, 588 (N.D.1996).

[¶ 14] Reasonable grounds exist for obtaining a restraining order under Chapter 12.1–31.2, N.D.C.C., when the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed. *Sved-*

*berg v. Stamness*, 525 N.W.2d 678, 682 (N.D. 1994). To support a request for a disorderly conduct restraining order under the statute the petitioner must present evidence of specific acts or threats constituting disorderly conduct, and "subjective fear" is not sufficient to support an order. *Williams v. Spilovoy*, 536 N.W.2d 383, 384–385 (N.D.1995).

[¶ 15] We conclude, as a matter of law, Huey's conduct did not rise to the level of intrusive behavior which would warrant a reasonable person to conclude Huey committed the offense of disorderly conduct. The incident in Crary's office occurred when Wishnatsky entered the office while Crary and Huey were having a private conversation. Huey apparently reacted in a rude and abrupt manner in attempting to exclude Wishnatsky from that conversation. Although directed at Wishnatsky, Huey's conduct, does not import future action requiring a restraining order and, as a matter of law, does not constitute the type of harassing, intimidating behavior necessary to support a request for a restraining order.

[¶ 16] Apparently recognizing this one extemporaneous incident does not provide sufficient grounds for the order, Wishnatsky attempts to embrace Huey's finger-waving lecture directed toward Larson as a threat to himself. Huey's communication was not directed toward Wishnatsky, and no reasonable person in Wishnatsky's position could conclude Huey, in addressing Larson, intended to adversely affect Wishnatsky's safety, security, or privacy. We conclude, as a mater of law, Wishnatsky has not raised a genuine issue of material fact as to whether Huey engaged in disorderly conduct justifying imposition of a restraining order against him. Consequently, the trial court did not err in summarily dismissing the petition.

[¶ 17] Judgment affirmed.

[¶ 18] SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.