Filed 11/9/05 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2005 ND 190

Curt Wetzel, Petitioner and Appellee

v.

Orville P. Schlenvogt, Respondent and Appellant

No. 20050121

Cenex Oil, Petitioner and Appellee

v.

Orville Paul Schlenvogt, Respondent and Appellant

No. 20050122

Appeals from the District Court of Morton County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

AFFIRMED IN PART AND VACATED IN PART.

Opinion of the Court by Sandstrom, Justice.

No appearance by petitioners and appellees.

Chad C. Nodland, Chad C. Nodland, P.C., 109 North 4th Street, Suite 300, P.O. Box 640, Bismarck, N.D. 58502-0640, for respondent and appellant.

Wetzel v. Schlenvogt

Nos. 20050121 & 20050122

Sandstrom, Justice.

[¶1] Orville Paul Schlenvogt appeals from a South Central Judicial District Court grant of two disorderly conduct restraining orders against him, enjoining him from having any contact with Curt Wetzel and Cenex Oil of Glen Ullin, North Dakota.  We affirm the Wetzel restraining order, holding that a disorderly conduct restraining order does not require a pattern of behavior.  We vacate the Cenex order, holding that when a case is commenced on behalf of a corporation by a non-attorney agent, the case and all legal documents signed by the non-attorney agent are void from the beginning.

I

[¶2] On January 3, 2005, two petitions for disorderly conduct restraining orders against Schlenvogt were filed with the South Central District Court.  According to the petitions, Schlenvogt called Cenex in Glen Ullin on December 29, 2004.  During the call, he complained that the lug nuts on a pickup tire Cenex had serviced for him were too tight.  The conversation became heated after a Cenex employee stated the lug nuts could not have been overtightened.  Schlenvogt hung up on the employee.

[¶3] According to the petitions, later that day Schlenvogt brought the tire into Cenex, where he continued to complain about Cenex’s service.  Schlenvogt insisted that the lug nuts were too tight and that he had to use a “cheater bar” to take the tire off.  Three Cenex employees were present, including Wetzel.  They insisted they use only a torque wrench when working on tires.  According to the petitions, Wetzel’s response to Schlenvogt’s complaints was that it was “impossible.”  Schlenvogt then approached Wetzel and hit him.  According to the employees’ statements, one Cenex employee tended to Wetzel, while the other pushed Schlenvogt away and eventually out of the building.

[¶4] After the altercation, Wetzel, acting for himself, and Cenex, through its manager, Brian Schneider, petitioned for disorderly conduct restraining orders under N.D.C.C. § 12.1-31.2-01.  Wetzel gave an unsworn statement to law enforcement officers, which was attached to his sworn petition.  Copies of unsworn statements the other two Cenex employees had given to law enforcement officers were attached to Wetzel’s petition.  Copies of all three unsworn statements were attached to the Cenex petition.  On the basis of the petitions and attached statements, two temporary restraining orders were issued against Schlenvogt, prohibiting him from having any contact with Wetzel or Cenex.

[¶5] At the February 15, 2005, district court hearing on the restraining orders, Wetzel represented himself and Schlenvogt appeared with counsel.  Schneider was present.  No lawyer appeared for Cenex.  The lawyer for Schlenvogt made several arguments, including that Schneider was not an attorney and therefore could not appear in court on behalf of Cenex, that Schneider was committing a misdemeanor by appearing for Cenex and should be advised of his Fifth Amendment rights, and that the judge should recuse himself because he was a witness to Schneider’s possible misdemeanor.  The lawyer also argued that Cenex’s temporary restraining order was unclear because it did not specify what Cenex property Schlenvogt must avoid.  Finally, Schlenvogt’s lawyer argued there were insufficient grounds to sustain a restraining order because the petitions did not allege a pattern of disorderly conduct, which he argued was required by law.  The court rejected the arguments.

[¶6] Schlenvogt’s lawyer then cross-examined Wetzel and Schneider.  Wetzel testified that Schlenvogt came into Cenex with a tire and soon after began arguing with the employees about the alleged overtightened lug nuts.  Wetzel testified he told Schlenvogt it was impossible that the lug nuts had been overtightened because they use a torque wrench when working on tires.  According to Wetzel’s testimony, Schlenvogt then hit him.  Wetzel also testified that he had not had any contact with Schlenvogt for roughly 25 years before the incident.  Schneider testified that he was not a licensed attorney.  He also testified he was not at Cenex during the altercation but received a telephone call about it and arrived soon after.  He also gave testimony regarding the property that the Glen Ullin Cenex owned.

[¶7] After hearing Wetzel’s and Schneider’s testimony, the court found there were reasonable grounds to support the petitions and therefore granted both restraining orders.  While making its ruling, the court stated the restraining orders would “be in place for one year, until the 15th day of February of 2007.”  The discrepancy was not clarified during the hearing, and the written orders, as stated, are in effect until February 15, 2007.

[¶8] On appeal, Schlenvogt argues that because his acts did not constitute a pattern of conduct, which he contends is required by the statute, the trial court abused its discretion in granting both petitions.  He also claims that the Cenex petition is invalid because Cenex was not represented by an attorney.  Finally, Schlenvogt argues he was not given a full hearing by the district court.

[¶9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The appeal was timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. §§ 28-27-01, 28-27-02.

II

[¶10] Schlenvogt argues that the Cenex petition is invalid because Cenex was not represented by an attorney.  Section 27-11-01, N.D.C.C., states:

Except as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned, nor may a person be qualified to serve on a court of record unless that person has:

1. Secured from the supreme court a certificate of admission to the bar of this state; and

2. Secured an annual license therefor from the state board of law examiners.

Any person who violates this section is guilty of a class A misdemeanor.

Commencing an action and conducting oneself in court on behalf of another qualify as the practice of law.  N.D.C.C. § 27-11-01; 
see also
 
State v. Niska
, 380 N.W.2d 646, 648 (N.D. 1986) (“Niska’s drafting of legal instruments and pleadings and providing legal advice” for Schmidt constituted the practice of law).  Whether a corporation can be represented by a non-attorney agent in a legal proceeding and what happens to the matter when a corporation is not represented by an attorney are questions of law.  
United Accounts v. Teladvantage
, 524 N.W.2d 605, 606 (N.D. 1994).  Thus, the issues are fully reviewable on appeal.  
Buchholz v. Buchholz
, 1999 ND 36, ¶ 11, 590 N.W.2d 215.  A district court errs as a matter of law when its decision is not in accordance with the law of North Dakota.  
Id.

[¶11] A corporation is an artificial person that must act through its agents.  
United Accounts v. Teladvantage
, 499 N.W.2d 115, 117 n.1 (N.D. 1993).  This Court has firmly adhered to the common law rule that a corporation may not be represented by a non-attorney agent in a legal proceeding.  
United Accounts, Inc. v. Teladvantage, Inc.
, 524 N.W.2d 605, 606-07 (N.D. 1994) (citing 
Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.
, 590 P.2d 570, 572 (Haw. 1979)).  This rule is born out of the necessity to have a court system that functions efficiently.  
Oahu Plumbing
, 590 P.2d at 573 (citing 
Strong Delivery Ministry Ass’n v. Bd. of Appeals
, 543 F.2d 32, 33 (7th Cir. 1976)).  Attorneys are knowledgeable of the law, the court system, and its rules of procedure, which keep legal matters moving smoothly through the courts.  
Id.
  Just as one unlicensed natural person may not act as an attorney for another natural person in his or her cause, an unlicensed natural person cannot attorn for an artificial person, such as a corporation.  
Id.
 at 574.

[¶12] This Court, however, has not decided what must happen to an underlying case or documents when a corporation is represented by a non-attorney agent.  As a result of a corporation’s appearance through a non-attorney agent in 
United Accounts
, we rejected the appellant’s brief and dismissed the appeal as frivolous.  524 N.W.2d at 607.  Applying this logic to a trial court, the proper remedy would be to dismiss the action and strike all legal documents signed and filed by the non-attorney as void.  Many other courts have refused to allow a corporation to appear before it without counsel and have disposed of the action.  
See, e.g.
, 
Carr Enter., Inc. v. United States
, 698 F.2d 952, 953 (8th Cir. 1983) (the plaintiff corporation’s appearance through a non-attorney agent would be sufficient alone to affirm the district court’s judgment against the plaintiff); 
Merco Constr. Eng’rs, Inc. v. Mun. Court
, 581 P.2d 636, 637 (Cal. 1978) (refusing a writ of mandamus allowing a corporation to appear through a non-attorney agent in municipal court); 
Estate of Nagel
, 950 P.2d 693, 694 (Colo. Ct. App. 1997) (a petition or pleading that was not signed by an attorney on behalf of a corporation was void); 
Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.
, 590 P.2d 570, 576 (Haw. 1979) (default judgment was proper because the defendant corporation could not continue before the court without counsel); 
Berg v. Mid Am. Indus., Inc.
, 688 N.E.2d 699, 704 (Ill. App. Ct. 1997) (“a corporation can file a complaint only through a licensed attorney; any action filed without an attorney is null and void 
ab initio
”); 
Nicollet Restoration, Inc. v. Turnham
, 486 N.W.2d 753, 753, 754, 756 (Minn. 1992) (trial court’s dismissal was appropriate because the petitioner appeared without an attorney); 
Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., Inc.
, 958 P.2d 1035, 1038 (Wash. Ct. App. 1998) (the district court properly struck documents signed by a non-attorney on behalf of a corporation) (citing 
United Accounts
, 524 N.W.2d at 607); 
see generally
 Jay M. Zitter, 
Propriety and Effect of Corporation’s Appearance Pro Se Through Agent Who is Not Attorney
, 8 A.L.R.5th 653 (1992).

[¶13] We are persuaded by this body of caselaw.  We hold that when a case is commenced on behalf of a corporation by a non-attorney agent, the case and all documents signed by the non-attorney agent are void from the beginning.  Cenex is a corporation.  It is undisputed that Schneider is not an attorney.  He signed and filed the restraining order petition on behalf of Cenex as its manager.  Filing the petition began the action for a restraining order.  Cenex also never appeared at the hearing because it was not represented by a lawyer.  The district court found that Schneider’s appearance was as a witness.  Because Cenex was never represented by an attorney, its petition was void from the beginning.  Since the district court allowed Cenex to proceed with its petition, its decision was not in accordance with the law of North Dakota, and it erred as a matter of law.  Cenex’s restraining order against Schlenvogt is vacated.

III

[¶14] Schlenvogt argues there were insufficient grounds to grant the restraining order against him under the Wetzel petition because his conduct did not form a “pattern of behavior,” which he contends is required by N.D.C.C. § 12.1-31.2-01 and its precedent.  He also argues that the district court’s procedures denied him his right to a full hearing.

A

[¶15] Generally, the grant of a restraining order is discretionary, and a district court’s decision must be reviewed under an abuse-of-discretion standard.  
Baker v. Mayer
, 2004 ND 105, ¶ 7, 680 N.W.2d 261.  Whether a pattern of behavior is required, however, is a question of statutory interpretation, fully reviewable by this Court.  
Estate of Kimbrell
, 2005 ND 107, ¶ 9, 697 N.W.2d 315.  Therefore, the district court’s decision will not be reversed unless it is not in accordance with the law of North Dakota.  
Buchholz
, 1999 ND 36, ¶ 11, 590 N.W.2d 215.

[¶16] Section 12.1-31.2-01(5), N.D.C.C., provides:

The court may grant a disorderly conduct restraining order ordering the respondent to cease or avoid the disorderly conduct or to have no contact with the applicant if:

a. A person files a petition under subsection 3;

b. The sheriff serves the respondent with a copy of the temporary restraining order issued under subsection 4 and with notice of the time and place of the hearing;

c. The court sets a hearing for not later than fourteen days after issuance of the temporary restraining order unless the time period is extended upon written consent of the parties, or upon a showing that the respondent has not been served with a copy of the temporary restraining order despite the exercise of due diligence; and

d. The court finds after the hearing that there are reasonable grounds to believe that the respondent has engaged in disorderly conduct.  If a person claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity.

[¶17] Disorderly conduct, as defined by N.D.C.C. § 12.1-31.2-01(1), is “intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person.  Disorderly conduct does not include constitutionally protected activity.”  This definition differs from the definition used for the crime of disorderly conduct.  
See
 N.D.C.C. § 12.1-31-01(1).  “‘Reasonable grounds’ is synonymous with ‘probable cause.’”  
Tibor v. Lund
, 1999 ND 176, ¶ 7, 599 N.W.2d 301 (citing 
Svedberg v. Stamness
, 525 N.W.2d 678, 681-82 (N.D. 1994)).  Thus, “[r]easonable grounds exist for obtaining a restraining order . . . when the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed.”  
Wishnatsky v. Huey
, 1997 ND 35, ¶ 14, 560 N.W.2d 878 (citing 
Svedberg
, 525 N.W.2d at 682).

[¶18] Section 12.1-31.2-01 does not use the term “pattern” to describe disorderly conduct.  The statute does not use the word “pattern” at all.  Some of this Court’s opinions have used “pattern” to describe the disorderly conduct involved or alleged in certain cases.  
See
 
Cusey v. Nagel
, 2005 ND 84, ¶ 12, 695 N.W.2d 697 (the petitioner’s vague allegations of conduct did not establish a specific “pattern of intimidation”); 
Baker
, 2004 ND 105, ¶ 20, 680 N.W.2d 261 (Baker did not establish a “pattern of intrusive behavior” that would support a restraining order); 
Skadberg v. Skadberg
, 2002 ND 97, ¶ 10, 644 N.W.2d 873 (the district court did not err in ruling a pattern of telephone calls was disorderly conduct under the statute); 
Tibor
, 1999 ND 176, ¶ 11, 599 N.W.2d 301 (the respondent’s actions were not a “pattern of intimidation”); 
Wishnatsky
, 1997 ND 35, ¶ 9, 560 N.W.2d 878 (the petitioner did not show the respondent engaged in a “pattern of intimidation”); 
Cave v. Wetzel
, 545 N.W.2d 149, 152 (N.D. 1996) (the district court did not err in ruling a pattern of hang-up telephone calls was disorderly conduct under the statute); 
Svedberg v. Stamness
, 525 N.W.2d 678, 687 (N.D. 1994) (Levine, J., dissenting) (arguing a restraining order was not proper because the respondent did not engage in a “pattern of threatening behavior”).

[¶19] But this Court has never held that a pattern is necessarily required.  These cases do not support the argument that a pattern of behavior is an element for the grant of a restraining order.  They merely describe the type of disorderly conduct involved or alleged in those cases.  All that is required under the statute are “reasonable grounds to believe that the respondent has engaged in disorderly conduct.”  N.D.C.C. § 12.1-

31.2-01(5)(d).  In other words, an objective, reasonable person must believe the respondent has engaged in “intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person.”  N.D.C.C. § 12.1-31.2-01(1); 
Wishnatsky
, 1997 ND 35, ¶ 14, 560 N.W.2d 878.  The statute’s use of plural words such as acts, words, and gestures does not mean that a pattern of behavior is required.  A statute’s use of a singular or plural word includes its opposite, unless there is a plain intention to do otherwise.  N.D.C.C. § 1-01-35.  There is no plain intention to do otherwise here.

[¶20] The criminal offense for disorderly conduct is broad, declaring many kinds of action disorderly conduct.  N.D.C.C. § 12.1-31-01(1).  For example, disorderly conduct includes when a person “[e]ngages in fighting, or in violent, tumultuous, or threatening behavior” or “[m]akes unreasonable noise,” either of which by itself would be one act occurring at one time.  N.D.C.C. § 12.1-31-01(1)(a) and (b).  It also includes behavior that implies a pattern of conduct, such as when someone “[p]ersistently follows a person in or about a public place or places.”  N.D.C.C. § 12.1-31-01(1)(e).  Finally, it includes conduct that is the same as the definition of disorderly conduct found in N.D.C.C. § 12.1-31.2-01.  N.D.C.C. § 12.1-31-01(1)(h).  Therefore, just as a single occurrence could be disorderly conduct under § 12.1-31-01, acts, words, or gestures occurring at one moment in time could easily be disorderly conduct under § 12.1-31.2-01, sufficient to impose a restraining order.  This civil remedy cannot be denied people whose safety, security, or privacy has been intruded upon simply because the respondent’s actions occurred at one time.

[¶21] This case involves a direct confrontation in which Schlenvogt allegedly assaulted Wetzel.  According to the petitions and hearing testimony, Schlenvogt first had a heated telephone conversation with a Cenex employee.  Wetzel testified that Schlenvogt then went to Cenex, where he argued with three Cenex employees, punched Wetzel, and then lunged at him again until Schlenvogt was thrown out of the building.  Even though the facts presented do not show a pattern of behavior over a period of time, Schlenvogt’s actions meet the definition of disorderly conduct.  It is obvious that Schlenvogt’s hitting Wetzel constitutes an intrusive and unwanted act intended to adversely affect the safety and security of Wetzel.  We hold a disorderly conduct restraining order does not require a pattern of behavior.  The district court has not erred as a matter of law.

B

[¶22] Schlenvogt argues that the district court’s procedures denied him a full hearing.  The district court is given discretion in how it conducts a trial or hearing.  
Gullickson v. Kline
, 2004 ND 76, ¶ 16, 678 N.W.2d 138.  Therefore, the decision of the district court will not be reversed unless the district court abused its discretion.  
Id.
  “A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably.”  
Buchholz
, 1999 ND 36, ¶ 11, 590 N.W.2d 215.

[¶23] Before a restraining order may be granted, the petitioner’s case must be proven before the court in a full hearing.  N.D.C.C. § 12.1-31.2-01(4).  This Court has stated that the “full hearing” that must accompany a disorderly conduct restraining order is a “‘special summary proceeding,’ intended to ‘quickly and effectively combat volatile situations before any tragic escalation.’”  
Gullickson
, 2004 ND 76, ¶ 8, 678 N.W.2d 138 (quoting 
Skadberg
, 2002 ND 97, ¶ 13, 644 N.W.2d 873).  This Court also noted, because of the restraint and stigma that a restraining order places on the respondent, due process requirements must be met.  
Id.
  The petitioner must prove his petition through testimony, rather than by affidavits alone, with an opportunity for cross-examination.  
Cusey v. Nagel
, 2005 ND 84, ¶ 15, 695 N.W.2d 697.  Furthermore, petitions and affidavits themselves are inadmissible hearsay under N.D.R.Ev. 801(c).  
Id.

[¶24] In 
Gullickson
, we held there were numerous procedural errors during the district court’s hearing that deprived the respondent of a full hearing.  2004 ND 76, ¶ 16, 678 N.W.2d 138.  For example, the district court had the petitioner sworn in from the counsel table instead of the witness stand, and the petitioner simply stated the affidavit was correct without actually giving testimony.  
Id.
 at ¶ 10.  The court then allowed the petitioner to add to the information in the affidavits without notice to opposing counsel.  
Id.
  We concluded there had been no meaningful opportunity to cross-examine and much of the evidence was inadmissible hearsay.  
Id.
 at ¶ 12.  Furthermore, the hearing was brief, as demonstrated by an 18-page transcript.  
Id.
 at ¶ 14.  Finally, the district court did not allow closing arguments.  
Id.
  We held the district court had abused its discretion by not allowing both parties a meaningful opportunity to present evidence.  
Id.
 at ¶ 16.

[¶25] Schlenvogt alleges he was denied a full hearing because the court seemed prepared to grant the restraining order on the basis of the petition alone, thus allowing the petition to be proven through hearsay.  He also contends he was denied a full hearing because it ended before he had addressed all the issues and because there were no closing arguments.  This case is different from 
Gullickson
, however, because Schlenvogt was provided a meaningful opportunity to cross-examine both Wetzel and Schneider.  In addition, the court asked Schlenvogt’s attorney whether there was anything more he wished to present, and he said no.  Wetzel’s testimony alone was sufficient to support the district court’s grant of the restraining order.  Wetzel testified that Schlenvogt came to Cenex and complained that the lug nuts on his pickup tire had been overtightened.  Wetzel replied that Schlenvogt’s allegations were impossible.  Schlenvogt then approached and hit Wetzel.  This attack, presented to the district court through open and admissible testimony, provided reasonable grounds for the court to find that Schlenvogt had engaged in disorderly conduct.  Any error due to the hearsay nature of the petitions became harmless after Wetzel’s testimony.  N.D.R.Civ.P. 61; 
see also
 
Wastvedt v. State
, 371 N.W.2d 330, 335 (N.D. 1985) (information contained in allegedly inadmissable exhibits was also presented through admissible oral testimony, so admission of the exhibits was not reversible error); 
Roll v. Keller
, 356 N.W.2d 154, 157 (N.D. 1984) (when measuring damages, the district court’s consideration of a letter, which had been admitted for a limited purpose other than damages, was not reversible error, because there was sufficient evidence from other sources to support its decision).  Therefore, the district court did not abuse its discretion when it granted Wetzel’s restraining order against Schlenvogt.

C

[¶26] Schlenvogt also argues the restraining order must be reversed because of the district court’s inconsistent rulings about the duration of the restraining order.  While making its ruling, the court stated the restraining order would “be in place for one year, until the 15th day of February of 2007.”  The discrepancy was not clarified during the hearing, and the written order states the restraining order is in effect until February 15, 2007.  Whenever there is a discrepancy between a trial court’s oral and written statements, the written statement controls.  
See
 
Fenske v. Fenske
, 542 N.W.2d 98, 102 (N.D. 1996) (“‘[A] trial court’s written findings of fact prevail when a discrepancy exists between those findings and the court’s prior memorandum opinion or oral ruling.’”) (quoting 
Fed. Land Bank of St. Paul v. Lillehaugen
, 404 N.W.2d 452, 454 (N.D. 1987)).  Therefore, the written order supersedes the ruling made from the bench.  The duration of the restraining order is two years, until February 15, 2007.

IV

[¶27] The Cenex restraining order is vacated.  We affirm Wetzel’s restraining order against Schlenvogt.

[¶28] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.