2007 ND 60

**Mitchell HOLBACH, Petitioner and Appellant,**

v.

**Joy DIXON, Respondent and Appellee.**

**No. 20060275.**

Supreme Court of North Dakota.

May 1, 2007.

Rehearing Denied June 7, 2007.

Mitchell D. Holbach (on brief), *pro se*, petitioner and appellant.

Richard R. LeMay (on brief), Legal Services of North Dakota, Minot, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Mitchell Holbach appeals from an order dismissing a temporary disorderly conduct restraining order Holbach had petitioned for against Joy Dixon. We affirm.

I

[¶ 2] Holbach filed a petition for a disorderly conduct restraining order with the district court in September 2006. The petition alleged Dixon had "a long history of unbecoming conduct towards [Holbach]," including threats, obscene letters, and stalking behavior. The petition specifically alleged Dixon's conduct occurred between July 19, 2006, the day Holbach was released from jail for stalking Dixon, to September 11, 2006, the date Holbach filed the petition. The court issued a temporary restraining order, which prohibited Dixon from contacting Holbach until the district court could hold a hearing to determine whether a permanent restraining order would be issued. Holbach appeared without counsel, and Dixon appeared with counsel through the use of an interactive video network (IVN).

[¶ 3] At the hearing, Holbach argued Dixon had a long history of inappropriate contact with him. To support his assertions, Holbach sought to introduce letters and postcards from Dixon, all of which predated the time frame Holbach alleged on his petition. Holbach presented no evidence that Dixon had contacted him after July 19, 2006. Despite Holbach's attempt to introduce these letters and postcards, the court limited Holbach's argument to the dates alleged in his petition. Dixon denied all of Holbach's allegations and denied initiating any contact with him. At the conclusion of the hearing, the district court stated Holbach had failed to establish reasonable grounds that Dixon committed an act of disorderly conduct. Accordingly, the district court dismissed the temporary disorderly conduct restraining order.

[¶ 4] After the court issued its order, Holbach filed a notice of appeal. Holbach also has filed numerous petitions, motions, and letters with the district court and the Supreme Court. On March 6, 2007, Holbach filed a "Motion for Oral Argument and to Reconsider Order Striking Appellant's Evidence" in the Supreme Court under N.D.R.App.P. 27. In support of the motion, Holbach filed a certified transcript that provided additional information about the district court's use of IVN. On December 26, 2006, the district court held a hearing to address Holbach's correspondence with the district court concerning IVN. The district court noted that, even after filing a notice of appeal, Holbach "[had] virtually flooded the clerk's office with a number of requests recently." The court concluded:

And I am just here to tell you today, Mr. [Holbach], that I made that decision to allow Ms. Dixon to appear via television. As I recall, that request was made by Ms. Dixon, was communicated to someone at the Domestic Violence Crisis Center who in turn communicated that request to me—and based upon the inherent authority of the Court, I granted Ms. Dixon's request to appear in that fashion.

This violates no confrontation rights of yours. These are not criminal proceedings, and that is the long and the short of it. With that explanation, I just believe that there is no longer any need for you to be filing any additional materials with the clerk requesting, you know, "What's the authority for—what was the authority for Ms. Dixon to appear by t.v.?" I authorized that appearance, in that fashion, under the inherent authority of the Court, and that is the

end of it. Thank you very much. The record is closed.

## II

[¶ 5] On appeal, Holbach argues the district court abused its discretion in allowing Dixon to appear by IVN and had improper ex parte contact with Dixon's counsel to arrange its use. Holbach also argues the judge violated the North Dakota Rules of Judicial Conduct; Dixon's counsel violated the North Dakota Rules of Professional Conduct; he was denied due process and equal protection; his supporting evidence, namely letters and postcards from Dixon to Holbach predating the dates Holbach alleged in his petition, were improperly excluded from evidence; the use of IVN denied Holbach the right to confront witnesses against him; the presence of a domestic violence advocate unduly influenced the court; and Dixon is not a domestic violence victim. Dixon argues the trial court did not abuse its discretion in dismissing the petition for a disorderly conduct restraining order.

[¶ 6] Generally, the grant of a restraining order is discretionary, and a district court's decision must be reviewed under an abuse-of-discretion standard. *Meier v. Said,* 2007 ND 18, ¶ 20, 726 N.W.2d 852; *Baker v. Mayer,* 2004 ND 105, ¶ 7, 680 N.W.2d 261. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. *Meier,* at ¶ 20 (citing *Frisk v. Frisk,* 2005 ND 154, ¶ 6, 703 N.W.2d 341). Section 12.1–31.2–01, N.D.C.C., governs the issuance of disorderly conduct restraining orders. That section, in pertinent part, provides:

1. "Disorderly conduct" means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. Disorderly conduct does not include constitutionally protected activity.

2. A person who is a victim of disorderly conduct . . . may seek a disorderly conduct restraining order from any court of competent jurisdiction in the manner provided in this section.

3. *A petition for relief must allege facts sufficient to show the name of the alleged victim, the name of the individual engaging in the disorderly conduct, and that the individual engaged in disorderly conduct.* An affidavit made under oath stating the specific facts and circumstances supporting the relief sought must accompany the petition.

. . . .

5. The court may grant a disorderly conduct restraining order ordering the respondent to cease or avoid the disorderly conduct or to have no contact with the applicant if:

. . . .

d. *The court finds after the hearing that there are reasonable grounds to believe that the respondent has engaged in disorderly conduct. . . .*

N.D.C.C. § 12.1–31.2–01 (emphasis added). A person who petitions for a disorderly conduct restraining order must allege specific facts or threats that adversely affect the safety, security, or privacy of another person. *See Cusey v. Nagel,* 2005 ND 84, ¶ 7, 695 N.W.2d 697. For the purposes of this statute, "disorderly conduct" is broader than and differs from the crime of disorderly conduct. *See* N.D.C.C. § 12.1–31–01(1); *see also Wetzel v. Schlenvogt,* 2005 ND 190, ¶ 17, 705 N.W.2d 836. "Reasonable grounds" is synonymous with "probable cause." *Meier,* at ¶ 21; *Wetzel,* at ¶ 17. "Thus, '[r]easonable grounds exist for obtaining a restraining order . . . when

the facts and circumstances presented to the judge are sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed.'" *Wetzel*, at ¶ 17 (quoting *Wishnatsky v. Huey*, 1997 ND 35, ¶ 14, 560 N.W.2d 878).

■■■ [¶ 7] We have also held due process is required throughout the restraining order proceedings. *Meier*, 2007 ND 18, ¶ 15, 726 N.W.2d 852; *Wetzel*, 2005 ND 190, ¶ 23, 705 N.W.2d 836. At the hearing, the petitioner must prove the allegations in the petition through sworn testimony. *Meier*, at ¶ 15. "In order to comport with due process, a fair hearing requires reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims." *Id.* Due process also requires a fair hearing, which prevents defects in the hearing process that might lead to a denial of justice. *See Gullickson v. Kline*, 2004 ND 76, ¶ 22, 678 N.W.2d 138. The district court appropriately limited the testimony to the dates alleged in the petition. *See id.* at ¶ 12 (holding the respondent's due process rights were violated by allowing the petitioner to raise new issues at the disorderly conduct restraining order hearing).

### III

■■■ [¶ 8] Holbach argues the district court abused its discretion in allowing Dixon to appear by IVN and had improper ex parte contact with Dixon's counsel to arrange its use. We conclude any error in allowing Dixon to appear by IVN was harmless.

[¶ 9] When a party wishes to use IVN, the party must first provide notice to all other parties and obtain approval from the district court. N.D. Sup.Ct. Admin. R. 52, § 2(B). The court can, however, authorize a party to appear by IVN on its own motion. *Id.* at § 2(A). Here, Dixon sought to appear by IVN. She communicated her request to a third party at the Domestic Violence Crisis Center, who then communicated Dixon's request to the court. There is no indication in the record that Holbach received prior notice of Dixon's request to use IVN. Based on the communication from the Domestic Violence Crisis Center, the judge determined that it would be appropriate for Dixon to appear by IVN.

[¶ 10] Failure to give notice violated N.D. Sup.Ct. Admin. R. 52(2)(B), but we conclude Dixon's appearance by IVN could not change the result of the proceeding. Holbach presented absolutely no evidence that Dixon engaged in a specific act constituting disorderly conduct during the dates alleged in the petition. *See* N.D.C.C. § 12.1–31.2–01(3) (requiring a petition to contain sufficient facts to allege a specific instance of disorderly conduct). Holbach's petition contained mere generalities, complaining that Dixon had "a long history of unbecoming conduct towards [him]," including threats, obscene letters, and stalking behavior. Holbach failed to present any evidence to support his generalities, which is insufficient to establish reasonable grounds for a restraining order. Holbach failed to show "the facts and circumstances presented ... [were] sufficient to warrant a person of reasonable caution to believe that acts constituting disorderly conduct have been committed." *Wetzel*, 2005 ND 190, ¶ 17, 705 N.W.2d 836 (quoting *Wishnatsky*, 1997 ND 35, ¶ 14, 560 N.W.2d 878). As a matter of law, Holbach failed to meet his burden. Therefore, any error in allowing Dixon to appear by IVN was harmless.

### IV

[¶ 11] We conclude the district court's use of IVN was harmless error. We have

considered Holbach's remaining issues and arguments. We hold they are without merit, unnecessary to our decision, or not properly before this Court. The district court's order dismissing the temporary disorderly conduct restraining order is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.