2014 ND 9

**Randy HOLKESVIG, Petitioner and Appellant**

v.

**DAKOTA SPAS, Respondent.**

No. 20130214.

Supreme Court of North Dakota.

Jan. 14, 2014.

Randy Holkesvig (on brief), self-represented, Fargo, N.D., petitioner and appellant.

Dakota Spas, respondent; no appearance.

SANDSTROM, Justice.

[¶ 1] Randy Holkesvig appeals from a district court order denying his motion for reconsideration of a petition for a disorderly conduct restraining order and from an order denying his request for an "oral hearing." We affirm, concluding a disorderly conduct restraining order can be

brought only against a natural person, as opposed to a business entity.

## I

[¶ 2] In April 2013, Holkesvig petitioned the district court for a disorderly conduct restraining order against a business, Dakota Spas. Holkesvig's petition included extensive allegations, but he essentially alleged that after buying a hot tub cover from Dakota Spas, he encountered many problems with the business. He alleged Dakota Spas and its employees "order[ed] the wrong color of a hot tub cover" and "refus[ed] to send [him] receipts in a timely fashion," a Dakota Spas individual "yelled" at him, he was told he needed a credit card receipt even though he claimed he was never given one, Dakota Spas initially only offered him in-store credit, Dakota Spas "harassed" him by failing to give him an immediate credit back on his credit card and by requiring him to order a new hot tub cover to correct their alleged error, and Dakota Spas was dishonest with him and initiated unwanted telephone calls and sent unsolicited mail to him.

[¶ 3] The district court denied Holkesvig's petition, concluding restraining orders can be issued only against an individual, not a business. The court also denied Holkesvig's motion for reconsideration. Holkesvig then filed a motion entitled "oral hearing requested with an honest and a lawful explanation why order was issued denying petition for a disorderly conduct restraining order dated 5–14–13." This was also denied. Holkesvig appealed.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] Holkesvig argues the district court abused its discretion in refusing to grant the disorderly conduct restraining order. He argues the court misinterpreted or misapplied the law and ignored relevant evidence supporting a restraining order.

[¶ 6] The standard of review when a court has refused to grant a disorderly conduct restraining order has been established:

> The decision whether to grant a temporary restraining order generally lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *State v. First American Bank & Trust Co.*, 186 N.W.2d 573, 574 (N.D.1971); *see also Selland v. Fargo Pub. Sch. Dist. No. 1*, 285 N.W.2d 567, 570 (N.D.1979).

*Wishnatsky v. Huey*, 1997 ND 35, ¶ 8, 560 N.W.2d 878. "A trial court's denial of a motion for reconsideration will not be reversed on appeal absent a manifest abuse of discretion." *Larson v. Larson*, 2002 ND 196, ¶ 11, 653 N.W.2d 869.

### A

[¶ 7] In denying Holkesvig's petition, the district court stated disorderly conduct restraining orders "can only be issued against an[ ] individual." Rather than consider the merits of Holkesvig's petition, the district court essentially concluded Holkesvig was not entitled to a disorderly conduct restraining order against a business under N.D.C.C. § 12.1–31.2–01, which provides, in part:

1. "Disorderly conduct" means intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person. Disor-

derly conduct does not include constitutionally protected activity.

2. A person who is a victim of disorderly conduct ... may seek a disorderly conduct restraining order from any court of competent jurisdiction in the manner provided in this section.

3. A petition for relief must allege facts sufficient to show the name of the alleged victim, the name of the individual engaging in the disorderly conduct, and that the individual engaged in disorderly conduct. An affidavit made under oath stating the specific facts and circumstances supporting the relief sought must accompany the petition.

4. If the petition for relief alleges reasonable grounds to believe that an individual has engaged in disorderly conduct, the court, pending a full hearing, may grant a temporary disorderly conduct restraining order ordering the individual to cease or avoid the disorderly conduct or to have no contact with the person requesting the order....

    ....

6. A restraining order may be issued only against the individual named in the petition. Relief granted by the restraining order may not exceed a period of two years....

N.D.C.C. § 12.1–31.2–01.

[¶ 8] Because the district court's decision rests upon a legal interpretation rather than upon the merits of Holkesvig's petition, we review its decision under our standard for statutory interpretations.

■ [¶ 9] "Statutory interpretation is a question of law, which is fully reviewable on appeal." *Nelson v. Johnson*, 2010 ND 23, ¶ 12, 778 N.W.2d 773. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1–02–02. "Technical words and phrases and such others as have acquired a peculiar and appropriate meaning in law, or as are defined by statute, must be construed according to such peculiar and appropriate meaning or definition." N.D.C.C. § 1–02–03.

[¶ 10] The original version of the disorderly conduct statutes provided that a "person is guilty of a class B misdemeanor" for violating the law. 1973 N.D. Sess. Laws ch. 116, § 30. The statutory language was changed from "person" to "individual" in 1993. *See* N.D.C.C. § 12.1–31–01; 1993 N.D. Sess. Laws ch. 125, § 1. In the same 1993 session, the disorderly conduct restraining order statute at issue in this case, section 12.1–31.2–01, N.D.C.C., was enacted and likewise used the word "individual" to refer to the party against whom a restraining order may be issued. *See* 1993 N.D. Sess. Laws ch. 125, § 1; *see also* N.D.C.C. § 12.1–31.2–01 ("A temporary restraining order may be entered only against the individual named in the petition."). The word "individual" has remained under the current versions of the disorderly conduct statutes. *See* N.D.C.C. § 12.1–31–01; N.D.C.C. § 12.1–31.2–01.

[¶ 11] Section 1–01–49, N.D.C.C., defines "individual" as "a human being." Title 12.1 of the Century Code, the title within which the disorderly conduct provisions are included, defines "person" to include "a corporation, limited liability company, partnership, unincorporated association, or other legal entity." N.D.C.C. § 12.1–01–04.

[¶ 12] Section 12.1–31.2–01, N.D.C.C., uses the term "individual" to refer to parties against whom a restraining order may be brought. Because "individual," unlike "person," has been plainly defined by statute to include only human beings, we con-

strue "individual," as used in the disorderly conduct restraining order statute, N.D.C.C. § 12.1–31.2–01, to mean a human being. *See* N.D.C.C. § 1–01–49; N.D.C.C. § 12.1–01–04.

[¶ 13] Section 12.1–31.2–01(4), N.D.C.C., states, "A temporary restraining order may be entered only against the individual named in the petition." In this case, only Dakota Spas was named in Holkesvig's petition. We therefore conclude that because Holkesvig has failed to seek a restraining order against an individual, or human being, in his petition for a disorderly conduct restraining order, no restraining order can be entered. We also conclude that, because the district court's decision was based on a legal conclusion, no findings of fact are necessary.

### B

[¶ 14] Holkesvig argues a disorderly conduct restraining order should have been issued in this case for the following alleged reasons: Dakota Spas harassed him with unwanted calls, despite prior notices not to contact him; Dakota Spas intentionally tried to inflict injury to his reputation with false accusations; Dakota Spas has repeatedly lied to the Fargo Police Department; Dakota Spas initiated unwanted contact directed at him to draw him into their store to set him up for a potential arrest; Dakota Spas intentionally sent him sales brochures after the Fargo Police Department told it not to contact him; and, among other things, Dakota Spas intentionally called him despite prior notices not to contact him.

[¶ 15] Because we have concluded, as a matter of law, that a disorderly conduct restraining order can be sought only against a human being, and because Holkesvig's petition fails to name a human being as respondent, the petition is insufficient for a court to enter a restraining order against Dakota Spas. We therefore do not address the merit of Holkesvig's claims about Dakota Spas' conduct. The district court's decision rests upon a legal interpretation of the disorderly conduct restraining order statute that we hold, as a matter of law, does not apply to businesses such as Dakota Spas.

### III

[¶ 16] In addition to his appeal from the order denying his motion for reconsideration of the restraining order petition, Holkesvig also appeals from the order denying his request for an "oral hearing." He claims the district court never held a hearing and no subpoena was granted that would either prove or disprove his claims against Dakota Spas. Holkesvig argues a petition for a disorderly conduct restraining order requires a hearing on the petition under N.D.C.C. § 12.1–31.2–01(5).

[¶ 17] Contrary to Holkesvig's claim, N.D.C.C. § 12.1–31.2–01(5) does not require a hearing be held for a disorderly conduct restraining order petition. Rather, that statute only requires a hearing be held before a restraining order is granted. *See* N.D.C.C. § 12.1–31.2–01(5). We have stated whether a hearing on disorderly conduct restraining order petitions is required:

A district court has discretion to grant a disorderly conduct restraining order and to conduct a hearing on a petition for an order. *Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 22, 705 N.W.2d 836. We will not reverse a district court's decision to grant a restraining order or to conduct a hearing unless the court abused its discretion. *Id.* A district court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the

product of a rational mental process leading to a reasoned determination." *State v. Blunt*, 2011 ND 127, ¶ 10, 799 N.W.2d 363.

*Gonzalez v. Witzke*, 2012 ND 60, ¶ 8, 813 N.W.2d 592.

[¶ 18]   Although the nature of the "oral hearing" requested by Holkesvig is unclear, classifying the request is unnecessary because the district court properly denied Holkesvig's petition as a matter of law.  The district court did not act arbitrarily, unreasonably, or unconscionably, nor did the court misapply the law when it denied a hearing.  We conclude the court did not abuse its discretion.

IV

[¶ 19]   We affirm the district court's orders.

[¶ 20]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, J., MARY MUEHLEN MARING, S.J., and CAROL RONNING KAPSNER, J., concur.

[¶ 21]   The Honorable LISA FAIR McEVERS did not participate in this decision.  Surrogate Judge MARY MUEHLEN MARING, sitting.