2006 ND 251

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Monty J. STENSLAND, a Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court, Petitioner

v.

Monty J. Stensland, Respondent.

No. 20060299.

Supreme Court of North Dakota.

Dec. 12, 2006.

PER CURIAM.

[¶ 1] Monty J. Stensland was admitted to practice as an attorney at law in the courts of North Dakota on October 10, 1991, and his name has appeared on the roll of attorneys since that date.

[¶ 2] Stensland was served a Summons and Petition for Discipline alleging that Stensland was paid a $350 retainer to represent William Stuckey in a bankruptcy matter. The bankruptcy was to be filed before the middle of October, 2005, when new bankruptcy laws would go into effect. Stuckey was unable to contact Stensland as the time for filing the bankruptcy petition approached, and retained a different attorney to file a bankruptcy petition on Stuckey's behalf. This petition was filed in the United States Bankruptcy Court at 3:45 p.m., October 14, 2005.

[¶ 3] The Petition for Discipline further alleges that at 5 p.m., on October 14, 2005, Stensland also filed a petition in the United States Bankruptcy Court on Stuckey's behalf. Stuckey's signature was required on several documents, and Stensland either signed the documents or at his direction, had another person sign the documents with Stuckey's name. Additionally Stensland failed to list all of Stuckey's real property on the bankruptcy petition.

[¶ 4] The Petition for Discipline asserts that Stensland's conduct is a violation of N.D.R. Prof. Conduct 3.3, Candor Toward

the Tribunal, (a lawyer shall not knowingly make a false statement of fact or law to a tribunal or offer evidence that the lawyer knows to be false); N.D.R. Prof. Conduct 8.4, Misconduct, (it is professional misconduct for a lawyer to knowingly assist a judge or judicial officer in conduct that is a violation of applicable canons of judicial conduct or other law); and N.D.R. Lawyer Discipl. 1.2(A)(2), (3), and (8), Grounds for Discipline, (a lawyer may be disciplined for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; or engaging in conduct prejudicial to the administration of justice).

[¶ 5] Stensland filed an Answer to the Petition for Discipline, admitting that he was retained to represent Stuckey in a bankruptcy matter. Stensland asserts that the amount of attorneys fees and costs total more than the retainer Stuckey paid. Stensland asserts that communication was difficult because Stuckey only had a cellular phone, on which Stensland left several messages. Stensland asserts that on October 10, 2005, he left a voice message for Stuckey that the bankruptcy petition was ready for Stuckey's signature. Stensland was never notified that Stuckey had hired another attorney.

[¶ 6] Stensland denied violation of N.D.R. Prof. Conduct 3.3, Candor Toward The Tribunal, in that the information contained in the bankruptcy documents was accurate, and the petition could be amended. Stensland denied violation of N.D.R. Prof. Conduct 8.4(d), Misconduct, in that the conduct of having Stuckey's name printed in the unsworn declaration lines on the bankruptcy forms was not prejudicial to the administration of justice, but rather an act of poor judgment. Stensland denied violation of N.D.R. Lawyer Discipl.

1.2(A)(2) in that his conduct was not fraudulent because he did not know Stuckey had retained other counsel for the same legal work. Stensland denied violation of N.D.R. Lawyer Discipl. 1.2(A)(3) in that his conduct did not involve fraud, dishonesty or deceit because the information was substantively accurate.

[¶ 7] This matter was heard by a Hearing Panel of the Disciplinary Board on August 23, 2006. The Findings of Fact, Conclusions and Recommendations of the Hearing Panel was filed on October 26, 2006. The Hearing Panel found that Stuckey paid Stensland $350 to file a bankruptcy petition before the new law would take effect in October, 2005. Communication between Stensland and Stuckey was problematic prior to the filing of Stuckey's bankruptcy; nevertheless, Stensland prepared the bankruptcy petition and had Stuckey's name printed on the petition where a signature was required. Stuckey had not authorized the signing of his name on the petition. The petition was signed under penalty of perjury with a warning that making a false statement or concealing property is subject to a fine, imprisonment, or both. The petition failed to disclose all of Stuckey's real property.

[¶ 8] The Hearing Panel concluded that Stensland's conduct violated N.D.R. Prof. Conduct 3.3, Candor Toward The Tribunal, N.D.R. Prof. Conduct 8.4(f), Misconduct, and N.D.R. Lawyer Discipl. 1.2(A)(2), (3), and (8), Grounds for Discipline. The Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 6.12, (Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potential-

ly adverse effect on the legal proceeding.); and 9.22 (aggravating factors include prior disciplinary offenses). Stensland was previously disciplined for violation of N.D.R. Lawyer Discipl. 1.2(A)(8), and N.D.R. Prof. Conduct 1.3 and 1.4.

[¶ 9] The Hearing Panel recommends that Stensland be suspended from the practice of law for a period of 60 days and pay the costs of the disciplinary proceeding in the amount of $3,884.70. The Hearing Panel further recommends that Stensland complete three approved continuing legal education hours in ethics and three approved continuing legal education hours in office management during his period of suspension and as a condition of reinstatement.

[¶ 10] This matter was referred to the Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed to the Hearing Panel's Findings of Fact, Conclusions and Recommendations. The Court considered the matter, and

[¶ 11] **ORDERED,** the Findings of Fact, Conclusions and Recommendations of the Hearing Panel are accepted.

[¶ 12] **FURTHER ORDERED,** Monty J. Stensland is suspended from the practice of law for a period of 60 days, effective January 15, 2007.

[¶ 13] **FURTHER ORDERED,** Monty J. Stensland pay the costs of the disciplinary proceeding in the amount of $3,884.70.

[¶ 14] **FURTHER ORDERED,** Monty J. Stensland complete three approved continuing legal education hours in the area of ethics and three approved continuing legal education hours in the area of office management.

[¶ 15] **FURTHER ORDERED,** Monty J. Stensland comply with N.D.R. Lawyer Discipl. 6.3.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 17] Justice MARY MUEHLEN MARING, deeming herself disqualified, did not participate in this decision.