2009 ND 77

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Monty J. STENSLAND, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

**v.**

**Monty J. Stensland, Respondent.**

**No. 20080213.**

Supreme Court of North Dakota.

April 30, 2009.

440

Brent J. Edison, Assistant Disciplinary Counsel, Bismarck, for petitioner; submitted on brief.

Monty J. Stensland, Grand Forks, pro se.

PER CURIAM.

[¶ 1] Monty Stensland objects to the Disciplinary Board hearing panel's findings he violated N.D.R. Prof. Conduct 1.4, 3.3, 5.5(a) and N.D.R. Lawyer Discipl. 4.5 and 6.3. Stensland also objects to the hearing panel's recommendations that he be suspended from the practice of law for sixty days and that he be ordered to pay $3,880.40 in costs for the disciplinary proceedings. We conclude clear and convincing evidence exists establishing Stensland violated N.D.R. Prof. Conduct 1.4, 3.3 and 5.5 and N.D.R. Lawyer Discipl. 4.5 and 6.3. We suspend Stensland from the practice of law for sixty days and order him to pay $3,880.40 in costs for the disciplinary proceedings.

I

[¶ 2] Monty Stensland was admitted to practice as an attorney at law in the courts of North Dakota on October 10, 1991. In October 2006, Stensland received a copy of a hearing panel's report, recommending his license be suspended. On December 12, 2006, this Court suspended Stensland's license to practice law for sixty days, effective January 15, 2007. *Disciplinary Bd. v. Stensland,* 2006 ND 251, ¶ 12, 725 N.W.2d 191.

[¶ 3] In early December 2006, Karlene McLaurin contacted Stensland asking him to represent her daughter, Elisha McLaurin, in a custody dispute over her granddaughter. During their initial telephone conversation, Stensland did not inform Karlene McLaurin the disciplinary board had recommended he be suspended from the practice of law. Stensland agreed to take the case for a flat fee of $3000. After their initial telephone conversation, Stensland drafted a Summons, Complaint, Interrogatories, Proposed Findings of Fact and Conclusions of Law, and Order for Judgment. On December 15, 2006, Stensland sent the Summons and Complaint to a process server for service. Service was not achieved until June 2007.

[¶ 4] Stensland testified he received the North Dakota Supreme Court's December 12, 2006 Suspension Order, on December 16, 2006. After receiving the Order, Stensland stated that on December 29, 2006, he sent letters to his clients informing them of his suspension. Neither Karlene McLaurin nor Elisha McLaurin received a letter informing them Stensland had been suspended from the practice of law. Stensland admits he did not send a "suspension letter" to either Karlene McLaurin or Elisha McLaurin. Stensland stated he did not send the McLaurins a letter informing them of his suspension

because service of the Summons and Complaint had not been achieved. Stensland said the McLaurins were not entitled to notice of his suspension because N.D.R. Lawyer Discipl. 6.3 only requires notice to be given to clients with "pending matters." Stensland claims the McLaurins' case did not constitute a pending matter because service of process had not been achieved.

[¶ 5] Karlene McLaurin said she sent a check to Stensland for $2800 on January 2, 2007 and Stensland cashed the check on January 10, 2007. Karlene McLaurin stated she became concerned about choosing Stensland for her attorney because she continually tried to contact him and no one answered his phone. Shortly thereafter, Karlene McLaurin testified she heard Stensland was disbarred. Karlene McLaurin said she wrote Stensland a letter, specifically asking him if he had been disbarred. Stensland replied to Karlene McLaurin, denying he was disbarred, but he failed to inform Karlene McLaurin he was suspended from the practice of law. Karlene McLaurin did not become aware of Stensland's suspension until she filed a complaint with the disciplinary board and the disciplinary board sent her a letter informing her Stensland had been suspended from the practice of law from January 15, 2007 until March 16, 2007.

[¶ 6] On February 1, 2007, Stensland filed an Affidavit of Compliance with the Court stating he complied with N.D.R. Lawyer Discipl. 6.3 by providing notice of his suspension to all of his clients with pending matters. Stensland filed another Affidavit of Compliance on March 28, 2007, affirming he had complied with N.D.R. Lawyer Discipl. 4.5 and 6.3, had paid the costs of the disciplinary proceeding and had completed the necessary continuing legal education credits, making him eligible for reinstatement.

[¶ 7] In February 2008, disciplinary counsel petitioned for discipline against Stensland, alleging Stensland (1) failed to give Karlene McLaurin notice of his suspension in violation of N.D.R. Lawyer Discipl. 6.3, (2) filed a false Affidavit of Compliance stating he complied with the requirements of his suspension order in violation of N.D.R. Lawyer Discipl. 4.5, (3) failed to advise the McLaurins of his suspension and failed to communicate with them during his suspension in violation of N.D.R. Prof. Conduct 1.4, (4) made a false statement to a tribunal in violation of N.D.R. Prof. Conduct 3.3, (5) knowingly disobeyed an obligation under the rules of a tribunal in violation of N.D.R. Prof. Conduct 3.4 and (6) engaged in the unauthorized practice of law in violation of N.D.R. Prof. Conduct 5.5.

[¶ 8] On June 10, 2008, a hearing was held on the petition. The hearing panel found Stensland violated N.D.R. Prof. Conduct 1.4, 3.3 and 5.5 and N.D.R. Lawyer Discipl. 4.5 and 6.3. The hearing panel recommended Stensland be suspended from the practice of law for sixty days and pay $3,880.40 in costs for the disciplinary proceedings.

II

[¶ 9] "Disciplinary proceedings are reviewed by this Court de novo on the record." *Disciplinary Bd. v. McCray*, 2008 ND 162, ¶ 12, 755 N.W.2d 835 (quoting *Disciplinary Bd. v. Buresh*, 2007 ND 8, ¶ 6, 726 N.W.2d 210). "Although we give due weight to the findings, conclusions, and recommendations of the hearing panel, we do not act as a mere rubber stamp." *McCray*, at ¶ 12. "We give special deference to the hearing panel's findings on matters of conflicting evidence because the hearing panel had the opportunity to hear the witnesses and observe their demeanor." *Disciplinary*

*Bd. v. Johnson*, 2007 ND 203, ¶ 17, 743 N.W.2d 117. "Disciplinary counsel must prove each alleged violation of the disciplinary rules by clear and convincing evidence." *Disciplinary Bd. v. Giese*, 2006 ND 13, ¶ 7, 709 N.W.2d 717. "[C]lear and convincing evidence means evidence which leads to a firm belief or conviction that the allegations are true." *Judicial Conduct Comm'n v. McGuire*, 2004 ND 171, ¶ 8, 685 N.W.2d 748. "Each disciplinary case must be considered upon its own facts to decide what discipline, if any, is warranted." *McCray*, at ¶ 12.

### III

#### A

[¶ 10] Stensland objects to the hearing panel's finding he violated N.D.R. Lawyer Discipl. 6.3 because of his failure to provide the McLaurins with notice of his suspension. "Rule 6.3(A), N.D.R. Lawyer Discipl., requires a lawyer, within ten days after the date of the order of suspension, to give notice by registered or certified mail to all clients represented in pending matters." *Giese*, 2006 ND 13, ¶ 17, 709 N.W.2d 717. The notice must state the client's and the lawyer's place of residence, include the court's order and "state that the lawyer cannot act as a lawyer after the effective date of the order." N.D.R. Lawyer Discipl. 6.3(A).

[¶ 11] Stensland argues the term "all clients being represented in pending matters" in N.D.R. Lawyer Discipl. 6.3 is ambiguous because it can be interpreted in more than one way. Stensland claims "pending matters," "pending cases" and "pending actions" are synonymous terms. Stensland contends he did not violate N.D.R. Lawyer Discipl. 6.3 because the McLaurins were not entitled to notice of his suspension since their case was not filed with the court nor was service of process achieved.

[¶ 12] Stensland's argument that "pending matters" includes only those actions that are filed or that have been commenced by service of the summons is unduly restrictive. His argument ignores that N.D.R. Lawyer Discipl. 6.3(A) must be construed and applied with equal meaning to lawyers with litigation and non-litigation practices. We adopt the hearing panel's determination that Stensland's narrow interpretation of the phrase "pending matters" was not credible and that Stensland was required to provide the McLaurins with notice of his suspension because their case constituted a "pending matter."

[¶ 13] The evidence established Karlene McLaurin hired Stensland to represent her daughter in a custody dispute, paid Stensland a retainer fee of $2800, disclosed confidential information to him expecting that information to be privileged and fired him. This evidence establishes the McLaurins' case was a "pending matter," requiring Stensland to provide them notice of his suspension under N.D.R. Lawyer Discipl. 6.3. We conclude the evidence clearly and convincingly establishes Stensland failed to comply with the requirement of N.D.R. Lawyer Discipl. 6.3, by failing to provide notice of his suspension to the McLaurins.

#### B

[¶ 14] Stensland argues he should not be disciplined because "he complied in good faith with his interpretation of Rule 6.3 in providing notices, and in filing affidavit of such." In finding Stensland's interpretation of N.D.R. Lawyer Discipl. 6.3 was not credible, the hearing panel stated, "Stensland's testimony at the hearing that it cost '$6.30' per client to provide notice and that he knew he was 'going into a limited income period of time' suggests to the Panel that the true motive for Stens-

land's overly narrow construction of Rule 6.3 was financial in nature." "We give special deference to the hearing panel's findings on matters of conflicting evidence because the hearing panel had the opportunity to hear the witnesses and observe their demeanor." *Johnson*, 2007 ND 203, ¶ 17, 743 N.W.2d 117. The hearing panel had the opportunity to hear and observe Stensland's testimony, and based upon those observations, the panel determined Stensland's explanation for failing to give the McLaurins notice of his suspension was not credible. The evidence supports the hearing panel's finding because it reveals Stensland's motive in failing to provide notice to the McLaurins was to save money. We conclude clear and convincing evidence supports finding Stensland's narrow interpretation of N.D.R. Lawyer Discipl. 6.3 was not made in good faith.

### C

[¶ 15] Stensland objects to the hearing panel's finding that he "failed to take McLaurin's telephone calls during the 60 day suspension." Stensland argues clear and convincing evidence does not support the hearing panel's finding because Karlene McLaurin did not claim she made any telephone calls to him during the time he was suspended. At the disciplinary hearing, Karlene McLaurin was asked, "Did you place telephone calls to Mr. Stensland during the period of suspension, from January 15, 2007, through March 16 of 2007?" Karlene McLaurin answered, "Yes, uh-huh.... A lot of times it'd just ring and I—you know. I don't remember an answering machine, where, you know, I thought maybe a secretary or somebody would answer or something, but nobody." Karlene McLaurin also stated she called Stensland "[a]t least once a week. Just to find out, try find out what was going on, why I hadn't heard anything."

[¶ 16] The hearing panel determined Stensland violated N.D.R. Prof. Conduct 1.4 when he "failed to advise McLaurins of his suspension from the practice of law and failed to communicate with them during his 60–day suspension from the practice of law." Rule 1.4(b), N.D.R. Prof. Conduct, requires a lawyer to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." We conclude Stensland's failure to communicate with the McLaurins that he was suspended from the practice of law constitutes a violation of N.D.R. Prof. Conduct 1.4.

### D

[¶ 17] The hearing panel found Stensland violated N.D.R. Prof. Conduct 3.3 because he "falsely affirmed to the North Dakota Supreme Court that he had provided notice to 'all clients with remaining pending *matters*,' knowing he had limited such notice to clients with pending *actions* and thus had not provided notice to McLaurins." Rule 3.3(a)(1), N.D.R. Prof. Conduct, states, "A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." On February 1, 2007, Stensland filed an affidavit with the Court stating he had complied with N.D.R. Lawyer Discipl. 6.3 by providing notice of his suspension to all of his clients with "pending matters." Our rules require full compliance with this provision. N.D.R. Lawyer Discipl. 6.3(F)(1). Stensland failed to fully comply with N.D.R. Lawyer Discipl. 6.3 by failing to provide notice of his suspension to the McLaurins. Stensland's affidavit stating he fully complied with N.D.R. Lawyer Discipl. 6.3 is false and represents a lack of candor toward the Court. We conclude clear and convincing evidence establishes

Stensland violated N.D.R. Prof. Conduct 3.3.

### E

[¶ 18] The hearing panel determined Stensland violated N.D.R. Prof. Conduct 5.5(a) because "Stensland's failure to disclose his suspension to the McLaurins, and his subsequent failure to communicate with them during the 60–day suspension, misled the McLaurins into thinking he was authorized to practice law in North Dakota during his 60–day suspension." Rule 5.5(a), N.D.R. Prof. Conduct, prohibits a lawyer from practicing "law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." We conclude Stensland's failure to notify the McLaurins of his suspension violates N.D.R. Prof. Conduct 5.5 because it misled them into believing he was authorized to practice law.

### F

[¶ 19] The hearing panel found Stensland violated N.D.R. Lawyer Discipl. 4.5 because he had not complied with the requirements of his suspension order since he had failed to provide the McLaurins with notice of his suspension from the practice of law. Rule 4.5(B), N.D.R. Lawyer Discipl., allows a lawyer who has been suspended for six months or less to be reinstated to the practice of law if at the end of the period of suspension the lawyer files an affidavit with the court and counsel stating the lawyer "fully complied with the requirements of the suspension order and has paid all required fees, costs, and expenses." On March 28, 2007, Stensland filed an affidavit with the Court stating he had complied with the requirements of his suspension order. The evidence reveals Stensland did not comply with the requirements of his suspension order because he failed to comply with N.D.R. Lawyer Discipl. 6.3 by failing to notify the McLaurins of his suspension from the practice of law. We conclude clear and convincing evidence supports finding that Stensland violated N.D.R. Lawyer Discipl. 4.5.

### IV

[¶ 20] The hearing panel recommended a 60–day suspension from the practice of law after considering aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22(a), prior disciplinary offenses; 9.22(b), dishonest or selfish motive; and 9.22(i), substantial experience in the practice of law. The hearing panel considered the mitigating factor of remorse under N.D. Stds. Imposing Lawyer Sanctions 9.32(*l*). The hearing panel recommended suspension for 60 days because Stensland "knowingly deceived his clients by failing to disclose his status as a lawyer under an order of suspension; knowingly filed misleading affidavits with the Court; and knowingly failed to comply with the rules and orders pertaining to his suspension." The hearing panel also found "Stensland's actions caused injury or potential injury to his clients and resulted in an adverse or potentially adverse effect on the legal proceedings." Under N.D. Stds. Imposing Lawyer Sanctions 7.2, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system." Considering the circumstances, we believe suspension is an appropriate sanction and adopt the hearing panel's recommendation.

### V

[¶ 21] We conclude Stensland violated N.D.R. Prof. Conduct 1.4, 3.3 and 5.5 and N.D.R. Lawyer Discipl. 4.5 and 6.3. We order Stensland be suspended from the practice of law for 60 days, effective May

15, 2009, and he pay $3,880.40 in costs for the disciplinary proceedings.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.