2015 ND 285

**BLUME CONSTRUCTION, INC.,**
**Petitioner and Appellant**

v.

**STATE of North Dakota by JOB SERVICE NORTH DAKOTA,**
**Respondent and Appellee.**

**No. 20150103.**

Supreme Court of North Dakota.

Dec. 7, 2015.

Seth A. Thompson (argued) and Lawrence A. Dopson (on brief), Bismarck, N.D., for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Office of the Attorney General, Bismarck, N.D., for respondent and appellee.

McEVERS, Justice.

[¶ 1] Blume Construction, Inc. ("Blume") appeals from a district court judgment affirming a Job Service North Dakota decision, finding Blume did not file a valid appeal and the agency's determination assigning Blume a penalty tax rate was final. Blume argues the referee erred in finding Blume's attorney engaged in the unauthorized practice of law and the appeal request the attorney filed was void. We affirm.

I

[¶ 2] Blume received a notice of determination from Job Service dated November 8, 2013, informing Blume that it would be assigned a penalty tax rate for unemployment insurance. The notice stated the agency conducted an audit and concluded there was a transfer of ownership and payroll between Blume and another company that was knowingly done to obtain a lower tax rate for unemployment insurance. The notice informed Blume it would be assigned the highest tax rate assignable for the next three years. The notice advised Blume the determination would become final unless a written appeal was made to Job Service within fifteen days.

[¶ 3] On November 21, 2013, Job Service received an electronic appeal request for Blume signed by Craig Fidler. A telephone hearing was scheduled for February 27, 2014. Prior to the hearing, Blume requested the hearing be postponed because it had retained the service of Fidler, who was identified as a licensed attorney from Colorado. Fidler was not licensed to practice law in North Dakota. In approximately May 2014, Fidler notified the referee he was unable to secure a sponsoring attorney licensed in North Dakota. During that same time period, the referee was informed a North Dakota attorney would be representing Blume.

[¶ 4] A hearing was scheduled for June 26, 2014. On the morning of the hearing, the referee became aware the electronic

appeal was filed by Fidler. The hearing was not held. In a July 1, 2014, decision, the referee concluded pro hac vice admission was required for a nonresident attorney who engaged in the practice of law by appearing in an action filed in an administrative agency, Fidler did not properly register or move for pro hac vice admission under Admission to Practice R. 3, and the appeal request was void because it was filed by a nonresident attorney who was not admitted to practice in North Dakota. The referee concluded the determination was final in the absence of an appeal by the employer.

[¶ 5] Blume requested review of the referee's decision. Blume argued Job Service is estopped to reverse its previous decision accepting the appeal, Job Service did not timely advise Blume there appeared to be a defect in the filing, and Blume was deprived of an opportunity to correct the defect. Blume also argued the appeal was valid, it authorized Fidler to sign the appeal on behalf of the corporation, it could have authorized any third-person to complete and submit the form, and completion and submission of the appeal form does not constitute engaging in the practice of law. Job Service denied Blume's request for review.

[¶ 6] Blume appealed to the district court. The district court affirmed the referee's decision.

## II

[¶ 7] Courts exercise limited review in appeals from an administrative agency under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Carlson v. Workforce Safety & Ins.*, 2009 ND 87, ¶ 10, 765 N.W.2d 691. In an appeal from a district court's review of an agency's decision, this Court reviews the agency's decision. *Risovi v. Job Serv. N.D.*, 2014 ND 60, ¶ 7, 845 N.W.2d 15. Under N.D.C.C.

§§ 28–32–46 and 28–32–49, we must affirm the agency's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*See also Risovi*, at ¶ 7. We do not make independent findings of fact or substitute our judgment for that of the agency. *Id.* We apply a deferential standard of review to the agency's findings of fact, determining only whether a reasoning mind could have determined the factual conclusions were proved by the weight of the evidence. *Id.* Questions of law, including the interpretation of rules or statutes, are fully reviewable on appeal. *Id.*

## III

[¶ 8] Blume argues Job Service erred when it concluded Fidler engaged in the unauthorized practice of law and the appeal was void.

[¶ 9] Job Service's determination of an employer's rate of contributions becomes conclusive and binding upon the employer "unless, within fifteen calendar days after the mailing of the notice thereof . . . the employer files a written appeal of the determination." N.D.C.C. § 52–04–10. Blume received a notice of determination dated November 8, 2013, and was required to file a written appeal of the determination within fifteen days to prevent the determination from becoming final. An appeal request signed by Fidler was filed on November 21, 2013, two days before the determination became final.

[¶ 10] "A corporation is an artificial person that must act through its agents." *Carlson,* 2009 ND 87, ¶ 26, 765 N.W.2d 691 (quoting *Wetzel v. Schlenvogt,* 2005 ND 190, ¶ 11, 705 N.W.2d 836). We have explained:

> We have firmly adhered to the common law rule that a corporation may not be represented by a non-attorney agent in a legal proceeding. Just as one unlicensed natural person may not act as an attorney for another natural person in his or her cause, an unlicensed natural person cannot attorn for an artificial person, such as a corporation.

*Carlson,* at ¶ 26 (quoting *Wetzel,* at ¶ 11) (quotations omitted). "The proper remedy when a corporation is represented by a non-attorney agent is to dismiss the action and strike as void all legal documents signed and filed by the non-attorney." *Carlson,* at ¶ 26. "Whether a corporation can be represented by a non-attorney agent in a legal proceeding and what happens to the matter when a corporation is not represented by an attorney are questions of law . . . [which] are fully reviewable on appeal." *Id.* at ¶ 13 (quoting *Wetzel,* at ¶ 10).

[¶ 11] Blume is a corporation, and there is no evidence in the record that Fidler is employed by Blume or that he is an officer or on the corporation's board of directors. Evidence established that Fidler was a licensed attorney in Colorado, but he was not licensed to practice law in North Dakota.

[¶ 12] "Except as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney . . . or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned . . ." unless the person is admitted to the bar of this state and has secured an annual license from the state board of law examiners. N.D.C.C. § 27–11–01. Pro hac vice admission is required for any nonresident attorneys licensed in another state and not licensed in North Dakota, "who engage in the practice of law in this state by appearing, either in person, by signing pleadings, or by being designated as counsel in actions filed in . . . administrative agencies[.]" Admission to Practice R. 3(A).

[¶ 13] Evidence establishes Fidler signed the appeal request and Blume requested the hearing be postponed because it had retained Fidler's services. Fidler engaged in the practice of law in this state by signing the appeal request and being designated as counsel in the action before Job Service. There is no evidence in the record that he applied for pro hac vice admission. Blume, however, argues Fidler did not engage in the unauthorized practice of law because the safe harbor provisions of N.D.R. Prof. Conduct 5.5(b) apply and protect his activities.

[¶ 14] Rule 5.5, N.D.R. Prof. Conduct, deals with the unauthorized practice of law and provides "safe harbors" for nonresident attorneys:

> (b) A lawyer admitted to practice in another jurisdiction and not in this juris-

diction who performs legal services in this jurisdiction on a temporary basis does not engage in the unauthorized practice of law in this jurisdiction when:

. . . .

(3) with respect to matters for which registration or pro hac vice admission is available under Admission to Practice R.3, the lawyer is authorized to represent a client or is preparing for a matter in which the lawyer reasonably expects to be so authorized;

. . . .

(5) the lawyer performs a service that may be performed by a person without a license to practice law or without other authorization from a federal, state or local governmental body.

[¶ 15] We have previously interpreted N.D.R. Prof. Conduct 5.5(b)(3) and (5) and explained:

[T]he plain language of [the rule] provides safe harbors from the unauthorized practice of law for lawyers admitted to practice law in another jurisdiction and not in North Dakota who temporarily perform legal services in North Dakota if: (1) pro hac vice admission is available under Admission to Practice R. 3 and the lawyer is authorized to represent a client, or is preparing for a matter in which the lawyer reasonably expects to be authorized; or (2) the lawyer performs a service that may be performed by a person without a license to practice law.

*Carlson,* 2009 ND 87, ¶ 23, 765 N.W.2d 691.

[¶ 16] The Comment to N.D.R. Prof. Conduct 5.5 provides further explanation of the safe harbor provisions:

■ Paragraph (b)(3) requires out-of-state lawyers to be admitted pro hac vice under Admission to Practice R.3 to appear in all matters pending in a tribunal or administrative agency in this state. This Rule provides a temporary safe harbor to a lawyer acting on a client's behalf in preparatory matters before pro hac vice admission, so long as the lawyer reasonably expects to be so admitted. Such preparatory work might include factual investigations and discovery in connection with litigation or an administrative proceeding where the lawyer reasonably expects to be admitted pro hac vice.

. . . .

■ Paragraph (b)(5) allows an out-of-state lawyer to perform services that a person who is not a lawyer may perform without a law license or other authorization from a federal, state, or local governmental body, e.g., in private alternative dispute resolution contexts, a non-lawyer may serve as a mediator or arbitrator. In some administrative proceedings, a non-lawyer is permitted by law to appear on behalf of a party. The Rule assumes that the public is adequately protected in these instances by the overarching provisions of Rule 8.5, which subjects all lawyers performing any services in this jurisdiction to the Rules of Professional Conduct.

■ [¶ 17] Blume argues Fidler did not engage in the unauthorized practice of law because the appeal request could have been filed by a person without a license to practice law and his actions were covered by the safe harbor provision of N.D.R. Prof. Conduct 5.5(b)(5). Blume claims Fidler's involvement in the appeal was extremely limited, he only completed and submitted a standard Job Service form, he was not required to provide any legal analysis to complete the appeal request, and it was a purely mechanical service a non-lawyer could have performed.

[¶ 18] Section 52–04–10, N.D.C.C., requires an employer file a written appeal from an unemployment insurance rate determination. The statute does not state any further requirements for the appeal, and Job Service provides an electronic form for employers to fill out to request an appeal. The electronic form requires the person completing and filing the form to list who the appellant is, the name of the employer, the employer's account, a description of the issue, the reason for requesting an appeal, a signature, date, and phone number. The electronic form requires the employer to explain its reason for requesting an appeal, allowing the employer to specify the alleged errors in the determination.

[¶ 19] The record establishes Fidler submitted the appeal request on Blume's behalf. Fidler completed the form and requested the notice of determination be reversed and Blume keep its existing unemployment insurance rate. In giving the reason for the appeal, Fidler stated Job Service erred in assigning Blume the penalty tax rate because it determined a transfer of ownership and payroll was "knowingly" done to obtain a lower tax rate for unemployment insurance. Fidler summarized the statutory provision for penalty tax rates, N.D.C.C. § 52–04–08.2(3)(a), and the definition of "knowingly" under N.D.C.C. § 52–04–00.1(3). Fidler requested the notice of determination be reversed and Blume continue to receive the existing 2013 unemployment insurance rate because the determination was based on incorrect factual findings and payroll was not transferred solely or primarily for the purpose of obtaining a lower tax rate for unemployment insurance. Fidler stated additional documents regarding the appeal would be submitted.

[¶ 20] Fidler prepared the appeal request and explained the alleged error, ap-plying legal skill and knowledge to the facts of the case. Cf. Carlson, 2009 ND 87, ¶ 25, 765 N.W.2d 691 (stating the preparation of a request for reconsideration with a statement of the alleged errors in the prior decision required the application of legal skill and knowledge to the facts of the case and constituted the practice of law). The appeal request requires more than providing information on a claim form and is not a purely mechanical service. Cf. Lukas v. Bar Ass'n of Montgomery Cty., Md., Inc., 35 Md.App. 442, 371 A.2d 669, 673 (1977) (stating the preparation of legal documents, their interpretation, giving legal advice, or the application of legal principles to problems of any complexity constitutes the practice of law, but when "pure engineering, accounting or clerical work is involved, the practice of law is not present, and in these latter areas the layman can adequately perform"); Cleveland Bar Ass'n v. CompManagement, Inc., 2004 Ohio 6506, 104 Ohio St.3d 168, 818 N.E.2d 1181 (holding Ohio's worker's compensation law allows non-lawyers to appear and practice in a representative capacity in conformity with the administrative rules, which specifically list acts non-lawyers may and may not perform, including that non-lawyers may assist employers in filing appeals without making any legal determinations and that non-lawyers may not cite or interpret statutory or administrative provisions); W. Va. State Bar v. Earley, 144 W.Va. 504, 109 S.E.2d 420, 434 (1959) (stating laymen could not file a notice of appeal on behalf of another person but could complete and file certain forms, including forms for applications for benefits, notices to employers, proofs of injury or death, of medical attendance, of employment and wage earnings and other proofs).

[¶ 21] Moreover, although an "employer" may submit a request for an appeal on its own behalf and an attorney is

not required to submit the request, N.D.C.C. § 52–04–10, Blume is a corporation and must act through an agent. *Wetzel*, 2005 ND 190, ¶ 11, 705 N.W.2d 836. We have explained that a corporation may not be represented by a non-attorney agent in a legal proceeding, just as an unlicensed natural person may not act as an attorney for another natural person. *Carlson*, 2009 ND 87, ¶ 26, 765 N.W.2d 691. When a non-attorney agent represents a corporation in a legal proceeding, all legal documents signed and filed by the non-attorney are void. *Id.* Because Blume is a corporation and may not be represented by a non-attorney agent, Fidler's request for an appeal was not conduct that could be performed by a person without a license to practice law.

[¶ 22] This decision is consistent with our decision in *Carlson*, 2009 ND 87, 765 N.W.2d 691. In *Carlson*, at ¶¶ 24–26, this Court decided whether the safe harbor provision of N.D.R. Prof. Conduct 5.5(b)(5) applied to a nonresident attorney's request for reconsideration of an agency's decision on behalf of a corporate entity. We noted the statute authorizing a party to request reconsideration required the request to state the alleged errors and the relief sought, and, we concluded preparation of a document with a statement of alleged errors requires the application of legal skill and knowledge to the facts of the case and constitutes the practice of law. *Id.* at ¶ 25. We said the request requires more than providing information on a claim form and was not a purely mechanical service that could be performed by a non-lawyer. *Id.* This Court also noted the statute allowed a party to file a request for reconsideration on its own behalf, but a party must act through an agent when it is a corporation, and a corporation may not be represented by a non-attorney agent in a legal proceeding. *Id.* at ¶ 26. We concluded the nonresident attorney's request for reconsider-

ation on behalf of the corporate entity was not conduct that could be performed by a non-lawyer and was not subject to the safe harbor of N.D.R. Prof. Conduct 5.5(b)(5). *Id.*

[¶ 23] Blume also cites N.D. Admin. Code § 27–02–10–03 in support of its argument that Fidler performed a service a person without a license to practice law may perform. It contends N.D. Admin. Code § 27–02–10–03 authorizes non-attorneys and attorneys licensed in other states to represent individuals in Job Service proceedings, which indicates a person who is not licensed to practice law may perform the type of services Fidler performed in this case.

[¶ 24] Section 27–02–10–03(3), N.D. Admin. Code, provides procedural regulations for hearings on contribution rates, including who may appear in a proceeding, and states:

a. Any individual may appear for oneself in any proceeding before the bureau or its deputy. Any partnership may be represented by any of its members.

b. Any individual may appear by an attorney at law, admitted to practice before the highest court of this state, or the highest court of any state or territory of the United States, or by any other person who is qualified to represent others.

Job Service argues these provisions do not apply in this case because they only allow an out-of-state attorney to represent an "individual," and Blume is a corporation and not an "individual." During oral argument Blume admitted it was not relying on this regulation and conceded the regulation does not authorize a nonresident attorney who is not licensed in this state to represent a corporation in proceedings before Job Service.

[¶ 25] Because Blume conceded N.D. Admin. Code § 27–02–10–03(3)(b) does not apply to corporations and does not allow a non-lawyer or attorneys licensed in another state to represent corporations in Job Service proceedings, we will not address this issue. The question whether an agency has authority to adopt a regulation permitting an individual who is not a licensed attorney in this state to represent a party and practice law in proceedings before the agency has not been answered. The legislature and this Court have the authority to regulate the practice of law. *See* N.D. Const. art. VI, § 3; N.D.C.C. § 27–11–01. The agency's authority to adopt administrative rules is authority delegated by the legislature. N.D.C.C. § 28–32–02.

[¶ 26] We conclude Fidler's actions filling out and submitting the appeal request form on behalf of a corporation were not services a person without a license to practice law could perform, and therefore the safe harbor of N.D.R. Prof. Conduct 5.5(b)(5) does not apply.

[¶ 27] Blume also argues Fidler's actions were protected by the safe harbor provision of N.D.R. Prof. Conduct 5.5(b)(3). Blume contends an attorney is allowed to perform certain preparatory activities prior to applying for pro hac vice admission, filing the request for an appeal was a preparatory action, and there is no evidence in the record suggesting Fidler did not reasonably expect to secure pro hac vice admission.

[¶ 28] Rule 5.5(b)(3), N.D.R. Prof. Conduct, states a lawyer does not engage in the unauthorized practice of law if pro hac vice admission is available under Admission to Practice R. 3 and the lawyer is authorized to represent a client or is preparing for a matter in which the lawyer reasonably expects to be authorized. The comment to N.D.R. Prof. Conduct 5.5(b)(3) states the rule requires out-of-state lawyers be admitted pro hac vice under Admission to Practice R. 3 to appear in matters pending in an administrative agency and the rule provides a temporary safe harbor to a lawyer acting on a client's behalf in preparatory matters so long as the lawyer reasonably expects to be admitted. The comment gives examples of preparatory work, including factual investigations and discovery in connection with an administrative proceeding.

[¶ 29] In *Carlson*, 2009 ND 87, ¶ 31, 765 N.W.2d 691, this Court rejected the argument that the attorneys' preparation and filing of a request for reconsideration, being designated as counsel for the appellant's claim, and other informal internal procedures were preparatory work. In this case, Fidler filed the appeal request on Blume's behalf and Blume requested postponement of the hearing advising the referee it had retained Fidler's services. The comment to the Rule states factual investigations and discovery are examples of preparatory work. Fidler's actions were not preparatory work.

[¶ 30] We conclude Fidler's activities completing and submitting the appeal request on Blume's behalf were not protected by the safe harbor provisions of N.D.R. Prof. Conduct 5.5(b). Fidler was required to move for pro hac vice admission under Admission to Practice R. 3(A)(2) within 45 days of filing the appeal request. There is no evidence in the record that Fidler moved for pro hac vice admission, and therefore we conclude Blume's appeal request by its non-attorney agent was void. *See Carlson*, 2009 ND 87, ¶ 34, 765 N.W.2d 691. Blume failed to file a timely appeal, and Job Service's determination is final.

IV

[¶ 31] Blume argues Job Service is estopped from claiming the appeal is

void. "Successfully claiming waiver or estoppel against a government entity is not an easy accomplishment." *Dan Nelson Constr., Inc. v. Nodland & Dickson*, 2000 ND 61, ¶ 30, 608 N.W.2d 267. "Estoppel against the government is available in limited circumstances and should be applied on a case-by-case basis with a careful weighing of the inequities that would result if the doctrine is *not* applied versus the public interest at stake and the resulting harm to that interest if the doctrine *is* applied." *Miller v. Walsh Cty. Water Res. Dist.*, 2012 ND 152, ¶ 28, 819 N.W.2d 526 (quoting *J.P. v. Stark Cty. Soc. Serv. Bd.*, 2007 ND 140, ¶ 20, 737 N.W.2d 627).

▮▮▮▮ [¶ 32] We have explained the basic elements of estoppel:

> As to the person being estopped the elements are: 1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than those which the party subsequently attempts to assert; 2) the intention, or at least the expectation, that such conduct will be acted upon by, or will influence the other party or persons; and 3) knowledge, actual or constructive, of the real facts. As to the person claiming estoppel the elements are: 1) lack of knowledge and the means of knowledge of the truth as to the facts in question; 2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and 3) action or inaction based thereon, of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Blocker Drilling Can., Ltd. v. Conrad*, 354 N.W.2d 912, 920 (N.D.1984). The party asserting an estoppel claim has the burden of proving every element. *See Benson v. SRT Comm'cns, Inc.*, 2012 ND 58, ¶ 31,

813 N.W.2d 552. Estoppel is generally a question of fact. *Royal Jewelers Inc. v. Light*, 2015 ND 44, ¶ 15, 859 N.W.2d 921.

▮▮▮ [¶ 33] Blume contends Job Service should be estopped from taking a position contrary to its apparent position at the time the appeal was accepted and deciding the appeal is invalid because Fidler signed the appeal request. Blume alleges Job Service knew Fidler was a nonresident attorney, it did not immediately deny Blume's request for an appeal and allow Blume to properly resubmit the request, it accepted the request for an appeal, and it allowed the appeal to move forward despite its knowledge that Fidler was not licensed in North Dakota. Blume claims it relied on Job Service's acceptance of the appeal for seven months and it hired local counsel who invested substantial time and effort preparing for the hearing.

[¶ 34] Blume was not given an opportunity to raise this issue before the referee entered his decision, but it does not argue the referee violated due process or any procedural rules and it raised this issue in its request for review of the referee's decision. Blume's request for review was denied and the referee did not specifically address any of the issues Blume raised in its request. However, the referee made relevant factual findings in its decision determining the appeal was void.

[¶ 35] The referee found Job Service issued the notice of determination on November 8, 2013. An electronic appeal signed by Fidler was filed on November 21, 2013, two days before the determination became final. *See* N.D.C.C. § 52–04–10. Evidence in the record establishes Fidler did not state his position with the employer or explain that he was Blume's attorney on the appeal request form. A telephone hearing was scheduled for February 27, 2014. The referee found, "Prior to the hearing; however, the employer

requested postponement of the hearing because they had retained the service of Mr. Fidler; who was then identified as a licensed attorney from Colorado." The case remained pending and was later scheduled for a hearing on June 26, 2014. The referee found:

> During the entire period the case remained in a pending state, the correlation between Mr. Fidler as the attorney and the signer of the electronic appeal was not made. Since the appeal was filed in an electronic format, it is generally assumed the employer themselves filed the appeal. It was not until the Appeal Referee's final review of the case on the morning of June 26, 2014, that he was made aware the electronic appeal was filed by Mr. Fidler.

[¶ 36] Blume does not argue the referee's findings are not supported by evidence. The appeal request was signed by Fidler, but did not state Fidler's relation to the employer or that he was an attorney. At some point after the initial hearing was scheduled, Blume informed Job Service it had retained Fidler's services and he was an attorney licensed in Colorado. The referee found the correlation between Fidler as the attorney and as the signer of the appeal request was not made until he reviewed the case before the scheduled hearing. There is no evidence in the record Job Service had actual or constructive knowledge Blume's appeal request was signed and filed by an attorney who was not licensed in this state when it scheduled the hearing or before Blume's time for appealing Job Service's initial determination expired. Furthermore, Blume has not cited any authority supporting its contention that the agency had a duty to inform Blume that the appeal was not properly filed before the time for filing an appeal expired. On this record, we conclude Blume has not established all of the elements of estoppel. Because Blume

failed to establish the basic elements of estoppel, we do not need to engage in the weighing required for estoppel against a government entity. *See Johnson v. N.D. Workers' Comp. Bureau,* 484 N.W.2d 292, 294 (N.D.1992).

### V

[¶ 37] We affirm the district court's judgment affirming Job Service's decision finding Blume's appeal is void.

[¶ 38] DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concurs.

[¶ 39] The Honorable THOMAS E. MERRICK, D.J., sitting in place of Kapsner, J., disqualified.

VANDE WALLE, Chief Justice, concurring in the result.

[¶ 40] I concur in the result reached by the majority opinion. However, to the extent that the majority opinion may appear to hold the filing of a notice of appeal is necessarily governed by our decision in *Carlson v. Workforce Safety & Ins.,* 2009 ND 87, 765 N.W.2d 691, I do not join the majority opinion. In *Carlson,* we held a petition for reconsideration of a Workforce Safety & Insurance decision was void because the petition was filed by attorneys not authorized to practice law in North Dakota. A petition for reconsideration, as our opinion notes at ¶ 14, "must state the alleged errors in the notice of decision and the relief sought and may be accompanied by additional evidence." *See also* N.D.C.C. § 28–32–40(3) which specifies that with the petition for reconsideration there must be "a statement of the specific grounds upon which relief is requested or a statement of any further showing to be made in the proceeding. The petition must also state whether a rehearing is requested. The petition and any state-

ment shall be considered a part of the record in the proceeding." Clearly, a petition for reconsideration is a service not protected by the safe harbor provision in the Rules of Professional Conduct because a non-lawyer in North Dakota could not provide that service.

[¶ 41] Nor am I convinced that the decision in *Wetzel v. Schlenvogt*, 2005 ND 190, 705 N.W.2d 836, necessarily governs this decision. In *Wetzel*, a petition for a disorderly conduct restraining order was filed for a corporation by a non-attorney. Here, there is no doubt that Fidler signed the notice of appeal in the capacity of Blume's attorney. However, I do not construe the safe harbor provision of N.D.R. Prof. Conduct 5.5(b)(5) to mean that an attorney who is not licensed in North Dakota is not acting as an attorney for the corporation, but rather to allow that attorney to perform a service that a non-lawyer could provide without engaging in the unauthorized practice of law.

[¶ 42] In this case, we are concerned with the requirement for a rather simple notice of appeal which, under the administrative rules, a non-lawyer may file. However, as the majority opinion notes at ¶ 19, the person filing the appeal went beyond what was required; the notice of appeal is more like a petition for reconsideration and therefore the preparer provided a service that I agree is akin to a petition for reconsideration, a service that a non-lawyer in North Dakota could not provide. For that reason I agree the safe harbor provision in N.D.R. Prof. Conduct 5.5(b)(5) does not apply.

[¶ 43] THOMAS E. MERRICK, D.J., concurs.